[Crim. No. 484. Department Two.—March 24, 1899.]

THE PEOPLE, Respondent, v. JAMES PATTERSON, Appellant.

CRIMINAL LAW — ROBBERY — SUFFICIENCY OF EVIDENCE.—The evidence reviewed, and held sufficient to sustain a verdict of guilty of robbery against the defendant in feloniously taking money from the person of another.

ID.—REFUSAL TO STRIKE OUT EVIDENCE.—It is not error to refuse to strike out the testimony of a witness called for the prosecution which had some relevancy to the issues in the case, and was not prejudicial to the defendant, nor to refuse to strike out testimony introduced without objection on cross-examination about matters testified to in chief.

ID.—CROSS-EXAMINATION.—Where a witness had testified in chief for the defendant that he heard of the prosecuting witness being robbed on a certain date, he may be asked, on cross-examination, how he knew he was robbed at that time.

ID.—QUESTIONS BY DISTRICT ATTORNEY—DISCOURTEOUS LANGUAGE—MISCONDUCT.—The mere asking of a single question by the district attorney, the objection to which was sustained, does not warrant a reversal of the judgment; nor is the use of discourteous language in talking to the jury respecting the counsel of the defendant, a portion of which was withdrawn, and which could not have been in a material sense prejudicial to the defendant, such misconduct as requires the granting of a new trial.

ID.—DISCREDITING OF FALSE WITNESS—NAMING OF WITNESS—MODIFICATION OF INSTRUCTIONS.—It is proper to modify an instruction requested by the defendant to the effect that if the jury found that a witness named testified falsely in one place, they were at liberty to disregard his testimony entirely, by striking out the name of the witness specified, and inserting in place thereof the words "any witness," leaving it to counsel to make the application.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

George L. Sanders, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

McFARLAND, J.—The defendant was convicted of robbery, alleged to have been committed by the felonious taking away from the person of one Heisler of eighteen dollars in money. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The main point of the appeal is, that there was not sufficient evidence to warrant the verdict. But Heisler testified that during the evening of February 24, 1898, he left a certain saloon in company with the appellant and one McMahon, who was also convicted of the same crime, and that while the three were walking along the street the appellant and McMahon suddenly attacked him, seized him by the throat and struck him a blow which knocked him down and rendered him for a time insensible; and that when he recovered consciousness he found that he had been robbed of about eighteen dollars in coin. He soon afterward returned to the saloon bleeding from a wound in the head. As to the fact that he had left the saloon a short time before in company with the appellant and McMahon, he was corroborated by the witness Swope. No doubt the testimony of Heisler was somewhat weakened by the fact that he was a good deal under the influence of liquor, by the fact that shortly before leaving the saloon he had pretended to the bartender that he had no money to pay for drinks, and by a few other circumstances. But, although the case made out by the prosecution was not a particularly strong one, yet we would not be justified in saying that the jury should not have believed his testimony, and therefore, under the rule so well established, we cannot say that there was not sufficient material evidence to warrant the jury in finding a verdict of guilty.

The judgment cannot be reversed on account of any alleged errors of law.

It was not error in the court to refuse to strike out the testimony of the witness Hughes, who was called for the prosecu-

tion. His evidence had some relevancy to the issues in the case, and, at all events, it was not prejudicial to the appellant, but was really to his advantage.

On the cross-examination of appellant's witness, McMahon, the prosecution asked him: "How do you know he was robbed that evening?" To this appellant objected as not cross-examination, and the objection was overruled. On his examination in chief he had said: "I heard of his being robbed on the twenty-fourth day of February." This fairly bore the construction that he had heard on the twenty-fourth day of February that the robbery had occurred, and it was quite proper to ask him on cross-examination how he knew on the twenty-fourth that the robbery had occurred. The witness' answer was that he had not said that he knew on the twenty-fourth that he (Heisler) had been robbed, but that he had merely heard at some other time that he had been robbed on the twenty-fourth. There was nothing in this improper or prejudicial to the appellant.

The appellant, when on the witness stand, having testified that he stopped at a certain lodging-house, was asked by the district attorney: "When did you pay your rent there?" Whether this question was proper or not, the objection to it was by the court sustained, and the mere asking of the question would certainly not warrant a reversal of the judgment. It is not within the principle of those cases where it has been held that numerous repetitions of questions clearly improper and evidently done for the purpose of taking an unfair advantage will warrant a new trial. Neither did the court err in denying appellant's motion to strike out certain testimony of the witness which had been introduced without objection, on the ground that it was not cross-examination. It was about matters concerning which the witness had testified in chief.

The alleged misconduct of the assistant district attorney who tried the case is not sufficient to warrant a new trial. It seems, although it does not clearly appear, that the prosecuting attorney said something to the effect that the attorney for the defendant was a shyster, but the court immediately said that the language used, whatever it was, was improper and out of place, and the prosecuting attorney withdrew it. Afterward the prosecuting attorney, after alluding to certain things which, as he said,

the attorney for the appellant was trying to impress upon the jury, said: "Why, this child talks to you as if you were a band of idiots." This was certainly not courteous language and. the court was wrong in saying, "I think it does not transcend legitimate argument"; but it is evident that this language, however distasteful it may have been to the attorney for the appellant, could not have been in a material sense prejudicial to the appellant.

Appellant asked the court to give the following instruction: "The jury are instructed that it is a maxim of our law that when testimony is false in one part it is false in all, and that if you find in this case that the witness Swope testified falsely in one place, you are at liberty to believe his testimony false in every part, and to entirely disregard it in your consideration of the facts in this case." The court struck out the words "the witness Swope," and inserted in place thereof the words "any witness," and as thus modified gave the instruction. Assuming, but not deciding, that the instruction in either shape is not in contravention of section 19 of article VI of the state constitution, which provides that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law," still the instruction as given by the court was all that appellant was entitled to upon the subject. Reference by the court to a particular witness is dangerous; it tends to lead the jury to believe that the court itself is suspicious of the witness named. If such instructions can be demanded by the defendant in a criminal case, they can also be demanded by the prosecution; and it is much better for such instructions to state the general principles of law, and allow counsel to make the application.

There are no other points which call for special notice.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw J., concurred.