[L. A. No. 11341. In Bank.—October 7, 1929.]

ESTELLA M. RAY, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

M. W. Conkling, Arthur Dorn and Edgar B. Hervey for Petitioner.

Stephen Connell, District Attorney, and E. N. Clark, Deputy District Attorney, for Respondents.

WASTE, C. J.—By this proceeding in *mandamus* the petitioner seeks to compel the dismissal of a certain criminal prosecution initiated by the filing of an indictment against her on November 10, 1927. On November 16, 1927, the petitioner entered a plea of not guilty, and the cause was set for trial on December 12, 1927. The record of the court below is silent as to what occurred on the day fixed for trial. It is agreed, however, that neither side had applied for a continuance; but it is a fact that on December 12th, and for several days thereafter, the petitioner was actually being tried on another and separate criminal charge then pending against her. Apparently nothing was done in the cause which it is now sought to have dismissed until December 27, 1927, at which time, and without objection from the petitioner, the cause was reset for trial on January 16, 1928. The petitioner not only did not object to resetting the matter for trial on January 16, 1928, but counsel representing her stated to the court that there was ''no objection to that date'' and that it was ''satisfactory.'' When the cause was called, however, the petitioner moved for a dismissal of the prosecution on the grounds that she had not been brought to trial, as required by subdivision 2 of section 1382 of the Penal Code, within sixty days after the finding of the indictment against her, nor within thirty days after the entry of her plea, as provided in section 1050 of the same code (Stats. 1927, p. 1036).

 The consent of a defendant that his trial on a criminal charge be set for a date beyond the sixty-day limit prescribed by subdivision 2 of section 1382, *supra*, is equivalent to a postponement upon his application within the meaning of that section, and is sufficient excuse for the delay. (*People v. Benc*, 130 Cal. 159, 162 [62 Pac. 404]; *People v. Chadwick*, 143 Cal. 116, 120 [76 Pac. 884].) Consent is presumed when the defendant fails to object at the time the cause is set for trial beyond such period. (*People v. Rongo*, 169 Cal. 71, 73 [145 Pac. 1017]; *In re Scott*, 81 Cal. App. 577, 578 [254 Pac. 596]; *Ex parte Apakean*, 63 Cal. App. 481, 482 [218 Pac. 768].) The cause which it is now sought to have dismissed was, on December 27, 1927, well within the sixty-day period, reset for trial at a time beyond such period, and petitioner not only failed to object

thereto, but, as already indicated, actually accepted as "satisfactory" the date so fixed. Under these circumstances, the provisions of subdivision 2 of section 1382, *supra,* can be of little assistance to the petitioner. Nor do we think that petitioner may justly derive any comfort from section 1050, *supra,* wherein the legislature has provided that criminal causes shall be set for trial within thirty days after entry of plea. This section has been held to be directory merely. (*People* v. *Perea,* 96 Cal. App. 183 [273 Pac. 836].) Nowhere in the section is a dismissal provided for in the event of noncompliance with its provisions. Moreover, petitioner's trial on the other and separate criminal charge above referred to did not terminate until after the expiration of the thirty-day period provided for in section 1050, *supra.*

The alternative writ is discharged and the application for a peremptory writ is denied.

Richards, J., Seawell, J., Preston, J., Curtis, J., and Langdon, J., concurred.