[Crim. No. 4667.   Second Dist., Div. Three.   Nov. 16, 1951.]

THE PEOPLE, Respondent, v. MUNING T. TENEDOR, Appellant.

Stanley L. Avery and Edward I. Gorman for Appellant.

Edmund G. Brown, Attorney General, Frank Richards and Gilbert Harelson, Deputy Attorneys General, for Respondent.

VALLÉE, J.—Defendant was convicted by the court, a jury having been waived, of a violation of subdivision 4 of section 337a of the Penal Code—unlawfully recording wagers on horse races. ■ He appealed from the judgment and sentence. As an appeal does not lie from the sentence, that appeal must be dismissed.

Defendant's assignments of error are: (1) he was denied a speedy trial in that the court did not set the case for trial within 30 days after the entry of the plea, and in that he was not brought to trial within 60 days after the filing of the information; (2) the evidence is insufficient to support the judgment; and (3) the court erred in denying his motion for a new trial in that he was not sentenced within 30 days from the time he was found guilty.

The information was filed December 13, 1950. Defendant was arraigned and pleaded not guilty on December 15, 1950. On that date the cause was set for trial on January 24, 1951. On the latter date the cause was called for trial, the parties stipulated that a jury be waived and that the case be submitted on the testimony taken and the exhibits received at the preliminary examination with the reservation that each

side could produce additional testimony, whereupon the following occurred: "Mr. Forno [Attorney for defendant]: . . . May I suggest the 23rd of February, your Honor? The Court: Very well, February 23rd." On February 23, 1951, the cause was again called, both parties submitted the case without the production of any additional evidence, and the defendant was adjudged guilty.

█ Penal Code, section 1050, in pertinent part, reads: "The court shall set all criminal cases for trial for a date not later than thirty (30) days after the date of entry of the plea of the defendant. . . ." The cause was set for trial 40 days after the entry of the plea. That fact, however, does not compel a reversal of the judgment. Section 1050 does not provide that the action shall be dismissed if the case is not set for trial for a date not later than 30 days after the date of entry of the plea. The section is directory and a mere failure to comply with its terms does not entitle defendant to a new trial. (Ray v. Superior Court, 208 Cal. 357, 359 [281 P. 391].)

█ Penal Code, section 1382, in pertinent part, reads: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information. . . ." The cause was brought to trial on January 24, 1951, within 60 days after the filing of the information. Assuming, as defendant contends, that he was not brought to trial on January 24, the continuance from that date to February 23 was at the suggestion of defendant and constituted a waiver of his right to be brought to trial within 60 days after the filing of the information. █ The right to a speedy trial, guaranteed by the Constitution (art. I, § 13) and given by the code provisions, may be waived by the defendant. (Ray v. Superior Court, 208 Cal. 357, 358 [281 P. 391]; People v. Scott, 74 Cal.App.2d 782, 784 [169 P.2d 970].) █ No objection was made by the defendant to the proceedings had in the trial court. The application for dismissal must be made in the first instance in the trial court; and if it is not made there, the right is waived. (People v. Newell, 192 Cal. 659, 669 [221 P. 622].)

Harris v. Municipal Court, 209 Cal. 55 [285 P. 699], Rice v. Superior Court, 40 Cal.App.2d 391 [104 P.2d 874], and People v. Fegelman, 66 Cal.App.2d 950 [153 P.2d 436], relied

on by defendant, are not in point. In the Harris and Rice cases the defendants were not brought to trial within 60 days and they had not consented to or acquiesced in the delay. In each of the cases relied on the defendant moved to dismiss the proceeding in the trial court. There is no merit in defendant's claim that he was denied the right to a speedy trial.

■ On November 7, 1950, defendant was the attendant in a cigar store. His activities were observed by a police officer. Several men entered the store and looked at some newspapers dated November 7, 1950, which were open at sections containing horse racing entries and selections for that day. After referring to the newspapers the men handed something to defendant who was behind the counter. Defendant then walked to one side of the counter and ducked down behind it out of sight for a short period of time. He would then reappear, walk to the other end of the counter, open the cash register, and place something inside. One of the men, after looking at one of the newspapers, took what appeared to be his billfold from his right hip pocket, opened it, took out a piece of paper, and handed it to defendant. On two occasions defendant came out from behind the counter, walked to an automobile parked in front of the store, entered on the passenger side, leaned toward the dashboard, and then reentered the store. Defendant was then placed under arrest and immediately therafter the officer found eight betting markers, three of which had writing thereon, behind the counter at the position where defendant had ducked out of sight. The officer found two other betting markers behind the dashboard of the automobile, each of which had writing thereon. The handwriting on the betting markers was defendant's. On one of the betting markers behind the counter there appeared the letter "B," followed by the letters "Reg," followed by a "1-1" and a "C." The "B" and the "Reg" stood for Blue Regards, a horse running in the second race at Hollywood Park on November 7, 1950. The "1-1" stood for a $1.00 win and $1.00 place wager, and the letter "C" was the initial of the better. On another of the markers there appeared the letters "W-O-D-S-I-T-E," followed by two dots, and "Rom." This represented a wager on a horse named Woodside View running in the fifth race at Hollywood Park on November 7, 1950. The writing on the other betting markers also represented wagers on horse races.

Defendant did not take the stand in his own defense nor did he offer any evidence. The foregoing evidence and the

reasonable inferences which may be drawn therefrom amply support the conclusion of the trial judge that the defendant was guilty of unlawfully registering wagers on horse races.

██ Defendant was adjudged guilty on February 23, 1951, whereupon the following proceedings were had: "Mr. Forno: We will waive time for sentence and ask permission to file written application for probation. The Court: March 28th, 9:00 o'clock a.m. for judgment and sentence." On March 28, 1951, the following occurred: "Mr. Forno: In this matter I ask that the matter go over one week. I have a motion for a new trial that I wish to make at this time. The Court: The record will show your motion for a new trial interposed at this time and order the matter continued until April 4th for argument." Whereupon the hearing on the motion for a new trial, the application for probation, and the time for pronouncing judgment and sentence were continued to April 4, 1951. On April 4, 1951, the motion for a new trial and the application for probation were denied and judgment was pronounced.

Penal Code, section 1191, in pertinent part, reads: "After a plea or verdict of guilty . . . the court must appoint a time for pronouncing judgment, which must be within 20 days after the verdict or plea of guilty, during which time the court shall refer the case to the probation officer for a report if eligible to probation and pursuant to Section 1203 of this code; provided, however, that the court may extend the time not more than 10 days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment, or of receiving the probation officer's report made pursuant to Section 1203 of this code." Section 1202 reads: "If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment, as provided in section eleven hundred and ninety-one of this code, why judgment should not be pronounced, it must thereupon be rendered; and if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of section eleven hundred and ninety-one of this code, then the defendant shall be entitled to a new trial. If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion within the time fixed for pronouncing judgment, or within the time to which the same is continued under the provisions of section eleven hundred and ninety-one of this code then the defendant shall be entitled to a new trial." Defendant asserts that it was manda-

tory on the court to grant the motion for a new trial because judgment was not pronounced within 30 days after he was adjudged guilty. It is apparent that defendant expressly waived the benefits of the statute. It has long been settled that a defendant in a criminal action may waive the benefits which the statutes confer upon him. (*People* v. *French,* 12 Cal.2d 720, 771-774 [87 P.2d 1014].) █ Further, defendant suffered no possible prejudice by the extension of time and no miscarriage of justice resulted from the delay in pronouncing judgment. (*People* v. *Williams,* 24 Cal.2d 848, 850 [151 P.2d 244].)

The appeal from the sentence is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.