[Crim. No. 3179. First Dist., Div. One. Oct. 24, 1956.]

THE PEOPLE, Respondent, v. JOSEPH MARTINEZ, Appellant.

Wilfred J. Harpham, under appointment by the District Court of Appeal, and Hammond K. Holt for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—On June 3, 1954, judgment was entered against defendant Joseph Martinez[1] for illegal possession of heroin. He did not appeal.

On May 25, 1955, he filed and on June 17 the court denied a motion to vacate the judgment for the alleged reason that his rights to a speedy trial and to be brought to trial within 60 days of the filing of the information had been violated. On July 12, 1955, the court permitted the filing of an amendment (and then denied the amended motion) which presented the additional grounds that defendant's "court appointed" counsel (the public defender and his deputies) rendered him "ineffective assistance" at the trial, also that the arresting officers illegally seized evidence which should not have been presented in support of the charge against him. Defendant has appealed from each of these two orders of denial. We treat each appeal as effective. Neither party has suggested that the order allowing the amendment operated to vacate the first denial.

Defendant claims his motion is sanctioned by section 473 of the Code of Civil Procedure (authority of a court to "set aside any void judgment or order"); his right of appeal, by section 1237 of the Penal Code (an "order made after judgment, affecting the substantial rights of the party").

The record[2] upon this appeal furnishes us nothing by which to consider the two additional points posed by the amendment to the motion. Nor does it appear that the judge who heard and decided the motion (one who had not presided at the trial) had a reporter's transcript or other record by which to consider and determine those two additional points.

Normally, in the absence of some exceptional factor or circumstance, none of the three points here presented would be available for consideration in such a proceeding as this, for they could have been considered upon an appeal from the judgment, if such an appeal had been taken.

Defendant contends that each of these three points presents an issue concerning the infraction of a fundamental constitutional right, a point which can be presented in a collateral

---

[1]There were two defendants. The other defendant is not a party to this appeal.

[2]It consists of the clerk's and the reporter's transcript of the hearing of the motions to vacate, and the clerk's transcript of the trial, from the filing of the information to and including the rendition of the judgment. There is no reporter's transcript of the trial.

proceeding. Even if so, an appropriate record must be made available for judicial consideration.

The clerk's transcript of the trial does show that defendant was not brought to trial within 60 days of the filing of the information. Specifically, the court's minutes show: (1) defendant made a motion to dismiss (grounds not stated) on the 7th day after the filing of the information; heard and denied on the 9th day, whereupon defendant pleaded ''not guilty'' and the cause was continued to the 38th day ''with consent of counsel''; (2) on the 38th day the cause was continued to the 59th day, the record being silent as to whether defendant was present and consenting; (3) on the 59th day (defendants and their counsel being present) the court with consent of the district attorney continued the cause for trial to the 75th day, ''said continuance being ordered over the objections of both defendants,'' and not a word as to whether good cause therefor was shown or proof offered or made that the ends of justice required a continuance or that any such question was presented to or considered by the court (see Pen. Code, §§ 1382, and 1050) ; (4) the trial commenced on the 74th day and proceeded through three consecutive days, with no entry concerning consent or objection by the defendant except that upon the return of the jury's verdict ''the court discharged the jury and the court with consent of counsel, continued the cause for judgment to'' the 77th day; (5) on the 77th day this defendant made a motion for new trial and the court continued the cause to the 83d day for the hearing of the motion and to a later date for a pre-sentence report on the other defendant ''with the consent of respective counsel''; and (6) on the 83d day defendant's motion for new trial was denied and ''the court with consent of counsel, ordered the cause continued for pre-sentence report to June 3d, 1954,'' the 97th day, on which day judgment was rendered.

If we were to consider only the record of what transpired on the 59th and the 74th days, it would appear that defendant was not brought to trial within 60 days after the filing of the information, and that the pivotal postponement was not made upon his application, indeed was made over his objection; and we might infer or conclude that no good cause was shown for not bringing him to trial within the 60 days and no proof was offered or made that the ends of justice required this continuance.[3]

---

[3]Such an inference or conclusion may not be permissible.

It is true that the first sentence of Rule 52 of the Rules on Appeal declares that if the record does not contain all of the papers, records

In such a case the trial court "must order the action to be dismissed." (Pen. Code, § 1382.) ▇ But the right of dismissal thus accorded a defendant, and the constitutional right to a speedy trial, may be waived. (*People* v. *Tenedor, supra,* 107 Cal.App.2d 581, 583 [237 P.2d 679].) Here, defendant's objecting, on the 59th day, to a continuance beyond the 60th day was a proper method of making his position known. A motion for dismissal on the 59th day would have been premature. But he should have followed it up after the lapse of 60 days. He did not do so. Thereafter, he participated throughout the trial proceedings, neither voicing any objection nor interposing a motion to dismiss. ▇ It is not the policy of the law to permit a person thus to keep his silence, take his chance on getting a favorable verdict and, if he loses, at some later time (perhaps after the statute of limitations has run) come in and void the judgment by raising a point which if timely raised would have allowed the filing of a new information before the running of the statute and while the state's witnesses were still available.

If any authorities need be cited, the following should suffice: *People* v. *Newell,* 192 Cal. 659, 669 [221 P. 622],

and oral proceedings but is certified by the judge or clerk or stipulated to by the parties "it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal."

However, this is an appeal from an order denying a motion, not from the judgment of conviction; hence, the "reported transcript of the oral proceedings incident to the order appealed from," not that of the oral proceedings at the trial, would be a normal part of the record (Rule 34(1)e and 34(2)). The reporter's transcript of the oral proceedings at the trial could become a part of this record as an exhibit "admitted in evidence at the proceedings incident to the order," (Rule 34(3)), but no such exhibit was introduced or considered at the hearing of the motion here involved.

Nor does the second sentence of Rule 52 seem to be of avail. It says that on an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the above mentioned presumption does not apply "unless the error claimed by appellant appears on the face of the record." Appellant herein invokes the clause just quoted, upon the theory that the absence of an entry showing good cause for the continuance demonstrates the absence of good cause "upon the face of the record."

That is a non sequitur for two reasons: (1) this is not a judgment roll or any appeal from the judgment of conviction; and (2) the requirement that "the court shall enter in its minutes the facts proved which require the continuance" is made by section 1050 of the Penal Code and is directory, not mandatory (*Ray* v. *Superior Court,* 208 Cal. 357, 359 [281 P. 391]; *Zamloch* v. *Municipal Court,* 106 Cal.App.2d 260, 263 [235 P.2d 25] and cases there cited; *People* v. *Tenedor,* 107 Cal. App.2d 581, 583 [237 P.2d 679]), so that the absence of such an entry would not necessarily show "no good cause" upon the face of the record.

application for dismissal for failure to bring to trial within 60 days must be made in the trial court and if not made before the trial begins the right to dismiss is waived; *Ex parte Apakean*, 63 Cal.App. 438, 440 [218 P. 767], the court is under no duty to dismiss unless the defendant demands it, a motion for dismissal after the jury has been impanelled and sworn comes too late.

Defendant argues that an objection to a belated trial date is sufficient; that he need not also move to dismiss, to preserve his right. We need not decide that question, because defendant herein neither objected nor moved to dismiss after the expiration of the 60 days.

■ The burden of defendant's complaint that he lacked effective aid of counsel during the trial, seems to stem from the fact that he was represented by the public defender who did not assign him the same deputy at every stage of the proceeding, i.e., that one deputy represented him at the preliminary examination and until the commencement of the trial; another deputy, during the trial; and a third deputy after entry of judgment. That of itself does not spell ineffective aid of counsel, in the absence of a record of the oral proceedings at the trial. We note, also, that in his amended motion defendant narrates occurrences during the trial which allegedly disturbed him concerning the manner in which his counsel was conducting it but he does not state or suggest that he indicated to any of the deputies assigned him, or to the court, that he desired a different deputy or other counsel to represent him.

■ As to the alleged illegal seizure of evidence used against him, his amended motion merely states that the officers violated his constitutional rights "when they broke into the apartment, without a search warrant, and secured evidence to secure a conviction." That is not a sufficient allegation. The search and seizure may have been legal without a search warrant. Moreover, we are dealing here with a rule of evidence which was changed after the judgment became final.

■ Also, an error, if any, in the admission of evidence might render a judgment irregular and thus voidable upon appeal; not void and subject to collateral attack. We are mindful of the holding that the rule against the admissibility of evidence will not be reviewed in the absence of a proper objection in the trial court, is not applicable to appeals based on the admission of illegally obtained evidence in cases tried before the decision in the Cahan case. (*People* v. *Kitchens*, 46 Cal.

2d 260, 264 [294 P.2d 17]; *People* v. *Maddox,* 46 Cal.2d 301, 304 [294 P.2d 6].) But those were "appeals," each from the judgment of conviction and from an order denying a new trial. We are unaware of any decision which extends and applies that doctrine to the case of a collateral attack made after the judgment has become final, especially one which became final before (in this case, ten months before) the rendition of the decision in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905].

The attorney general interposed a motion to dismiss the appeal upon various grounds. In view of the conclusions we have reached upon the merits and perceiving no lack of jurisdiction of this appeal, there is no need to give further consideration to the motion except to deny it.

The orders are affirmed and the motion to dismiss is denied.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied November 8, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 21, 1956.