[Crim. No. 6131.   Second Dist., Div. Three.   Aug. 12, 1958.]

THE PEOPLE, Respondent, v. WILLIAM HERBERT COCHRAN, Appellant.

William Herbert Cochran, in pro. per., and Virgil V. Becker, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In a trial by jury, defendant was convicted of attempted burglary. He appeals from the judgment.

He asserts that the judgment should be reversed because: (1) the court did not set the case for trial within 30 days after the entry of his plea; and (2) he was not brought to trial within 60 days after the filing of the information. He also asserts that the evidence was not sufficient to support the judgment.

The information was filed July 11, 1957. Defendant's plea was entered August 1, 1957, and at that time the case was set for trial on August 16, 1957. On said August 16, the case was reset for trial on September 19, 1957. The trial was commenced on said September 19 and was concluded on September 24, 1957.

It thus appears that the case was first set for trial on a date (August 16) which was within 15 days after defendant's plea; and that on August 16, it was reset for a date which was 49 days after the plea. ▉ Section 1050 of the Penal Code provides, in part: "The court shall set all criminal cases for trial for a date not later than thirty (30) days after the date of entry of the plea of the defendant. . . ." That section does not provide that the case shall be dismissed if it is not set for trial within the 30-day period. The section is directory, and a mere failure to comply with its terms does not require a reversal of a judgment. (*People* v. *Tenedor,* 107 Cal.App.2d 581, 583 [237 P.2d 679].)

It also appears that the trial was not commenced until 70 days after the information was filed. Section 1382 of the Penal Code provides, in part: ''The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within sixty days after the finding of the indictment, or filing of the information . . . .'' ▮ The minutes of August 16, in Department 41 of the superior court, state in part: ''Defendant with counsel, Deputy Public Defender Fred Kilbride, present. Reset for trial on September 19, 1957, 9 A M in Department 42. Statutory time for trial waived.'' Defendant asserts, however, in his brief on appeal, that said deputy public defender was not authorized by him to waive statutory time; defendant did not know that said deputy was appearing for him at the time of the alleged waiver; and defendant was not aware that the time had been waived until after the conclusion of the trial. (It appears that on August 16, immediately prior to the proceeding in Department 41, the case was on the calendar in Department 46 and defendant was present in Department 46 where the public defender was appointed as his counsel, and at that time Deputy Public Defender Erskine was present. After that appointment the case was transferred to Department 41 for resetting. In Department 41, Deputy Public Defender Kilbride was present—instead of Mr. Erskine who had been present in Department 46.) Defendant's assertion, in his brief, to the effect that he did not authorize the waiver, and did not know of it, relates to purported matters which are outside the record. In *People* v. *Villarico*, 140 Cal.App.2d 233 [295 P.2d 76], where defendant asserted that he was not brought to trial within 60 days after the information was filed, the clerk's transcript showed that the continuance to a date beyond the 60-day period was ''by consent.'' In that case the defendant claimed that he refrained from protesting the delay by reason of intimidation by police officers. The court therein ruled (p. 236) that matters outside the record on appeal, which were stated only in the briefs, could not be considered on appeal. In the present case, appellant's said assertion regarding the waiver is not substantiated by anything in the record. When the trial date of September 19 was set, the defendant was present. During the trial he did not object to the trial being held after the 60-day period. In *People* v. *Martinez*, 145 Cal.App.2d 361 [302 P.2d 643], the

trial commenced on the 74th day after the information was filed. It was said therein (p. 365) that the right to a dismissal under section 1382 of the Penal Code, and the constitutional right to a speedy trial, may be waived. It was also said therein (p. 365) that the defendant "participated throughout the trial proceedings, neither voicing any objection nor interposing a motion to dismiss. It is not the policy of the law to permit a person thus to keep his silence, take his chance on getting a favorable verdict and, if he loses, at some later time (perhaps after the statute of limitations has run) come in and void the judgment by raising a point which if timely raised would have allowed the filing of a new information before the running of the statute and while the state's witnesses were still available." In the present case, the clerk's minutes are determinative with respect to the matter of waiver.

■ It seems that defendant is of the belief that if the information had been dismissed because he had not been brought to trial within the 60-day period, he could not be prosecuted again upon this charge. Even if the information had been dismissed for such reason, the district attorney could have filed a new information within the period of the statute of limitations. (Pen. Code, § 1387; *People* v. *Vacca,* 132 Cal.App.2d 8 [281 P.2d 315].)

Another contention of appellant is that the evidence was not sufficient to support the judgment.

■ On June 24, 1957, about 4 a .m., while the owner of a liquor store was in the back room of his store doing book work, he heard footsteps on the roof of the store building. Immediately thereafter he reported the incident to the sheriff's office by telephone. While he was making the report he heard a noise which sounded as if the roof were being torn off. After making the report he heard "footsteps running away," and he noticed that the skylight was torn off. Two deputy sheriffs received the radio report when they were in a sheriff's car about 100 yards from the store, and they arrived at the store within a very short time. One of the officers ran around the north side of the building and saw the defendant about 15 to 20 feet from the corner of the building, and at that time defendant was running. The other officer drove the car into an alley (on the south side of the building) and saw the defendant about 30 yards from the building, and at that time defendant was running "as hard as he could." Then that officer turned on the flashing red lights of the car and pur-

sued the defendant. About half a block down the alley, that officer drove by the side of defendant and ordered him to halt. Defendant jumped over a fence that was at the side of the alley. The officer got out of the car, jumped over the fence and chased defendant through a yard and down a street to a house where defendant jumped over a gate. The officer told defendant to halt or the officer would shoot. Defendant stopped and the officer arrested him. Near the gate, where he was apprehended, the officers found a sock and a flashlight. One of the officers went upon the roof of the store and observed that the skylight had been ripped open and that a wrench and a screwdriver were near the skylight. He also noticed that dust on the roof had been disturbed. An investigating officer, who saw defendant at the sheriff's station later that morning, testified that defendant's clothes were comparatively clean and well pressed; that he asked defendant why he was near the store; defendant replied that he arrived in town on June 22 and he was looking for newspapers to sleep on, and when he heard someone holler at him he "took off running"—he did not know the person.

Defendant testified that he had been in town about twelve hours when he was arrested; he did not go upon the roof of the store building or attempt to get into the store; he was in the alley looking "for something to lay down and rest for the night"; someone called to him; he did not know that person; then he (defendant) went over a fence, ran two or three blocks and jumped over another fence before he stopped; he did not realize that an officer was chasing him; there was no dust on his trousers when he was arrested; he never saw the flashlight, wrench, or screwdriver, which were received in evidence; he gave a false name when he said that his name is Jack Kelly.

The evidence was amply sufficient to support the verdict and judgment.

■ The notice of appeal states that the appeal is also from the sentence. "Affirmance of the judgment carries with it affirmance of the sentence." (*People* v. *Perkins,* 147 Cal. App.2d 793, 798 [305 P.2d 932].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for "rights of a citizen" (rehearing) was denied August 29, 1958.