[Crim. No. 3733.    First Dist., Div. Two.    Oct. 27, 1960.]

THE PEOPLE, Respondent, v. TOMMY CLYDE SESSION, Appellant.

Tommy Clyde Session, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

SHOEMAKER, J.—This is an appeal by the defendant, Tommy Session, from a judgment finding him guilty on three counts of violating section 11500 of the Health and Safety Code.

The evidence discloses that on March 3, 1959, narcotics agent Ojeda accompanied by an informant, Lucy Terry, drove to a house in Seaside where they met defendant. The defendant placed two bindles in the hand of the informant while she was seated in the car with the agent in front of the house. The bindles, which were placed in her open hand, were constantly within the sight of the agent; he gave defendant $10 and took the bindles from the informant, keeping them in his hand until he returned to his motel where he sealed them in an envelope and turned them over to his partner, agent McHugh.

On March 4, Ojeda returned to the same house accompanied by the informant and a friend of hers. Defendant again placed a paper bindle in the hand of the informant and the agent gave him $10. Again the agent returned to the motel where he sealed the bindle in an envelope and turned it over to his partner. The contents of the envelopes proved to be a narcotic, Amidone.

On April 22, 1959, agent Ojeda and local police officers, having a warrant, searched the defendant's home. They discovered a jar of marijuana in defendant's bathroom.

On May 13, 1959, an information in three counts was filed against the defendant in Monterey Superior Court. The first two counts dealt with the sale of Amidone on the third and

fourth of March, the third count with possession of marijuana on April 22. On May 22, 1959, arraignment was continued until May 26, 1959, on which date the appellant pleaded not guilty to each count. Trial by jury was set for July 1, 1959, but on that day the court continued the matter on its own motion to August 17, 1959. Trial commenced on August 19, 1959, and concluded on August 20, 1959, with a jury finding of guilty as charged.

The first contention of defendant is that his right to a speedy trial as guaranteed by the California Constitution, article I, section 13, was violated by the proceedings below. [██] This is a self-executing provision declaring a fundamental right of an accused to a prompt trial. (*Harris* v. *Municipal Court* (1930), 209 Cal. 55, 61 [285 P. 699].)

[██] The policy of the law in this respect has been further declared by the Legislature in Penal Code, section 1382, subdivision 2, which provides that a court must dismiss an action against an accused who has not been brought to trial within 60 days after the filing of the information. Here trial commenced 98 days after the information was filed. Defendant was present with counsel when the original date for trial was set and when it was re-set for the later date; no objection was made to the postponement, nor was any motion made at trial to dismiss the action for delay. Under such circumstances the accused's rights to a speedy trial and to dismissal are waived, and error may not be predicated in an appellate court on failure of the accused to get an earlier trial. (*People* v. *Workman* (1953), 121 Cal.App.2d 533, 536 [263 P.2d 458]; *People* v. *Martinez* (1956), 145 Cal.App.2d 361, 365 [302 P.2d 643]; *People* v. *Baker* (1958), 164 Cal.App.2d 99, 102 [330 P.2d 240].)

██ Penal Code, section 1050, provides that the accused's trial shall be set not later than 30 days after entry of his plea. The trial commenced 85 days after the defendant made his plea. However, this section does not provide that the action is to be dismissed if the case is not set for trial within the prescribed period; it is merely directory, not mandatory, and failure to comply does not compel reversal of the judgment. (*People* v. *Tenedor* (1951), 107 Cal.App.2d 581, 583 [237 P.2d 679]; *People* v. *Cochran* (1958), 162 Cal.App.2d 733, 734 [328 P.2d 532].)

The defendant next contends that certain questions asked by the prosecutor prejudiced his rights to a fair trial.

██ Defendant was asked if narcotics agent Ojeda had

tried to buy narcotics from him. The defendant did not object and thereby lost his right to claim error on appeal. (*Milburn* v. *Foster* (1935), 8 Cal.App.2d 478, 480 [47 P.2d 1106].)

Narcotics agent Ojeda testified that he had gotten his informer, Lucy Terry, who accompanied him in the car and made the narcotics buy, to light a cigarette at the time of the purchase. This testimony was directed at the question of whether Ojeda had seen the accused on that night well enough to be able to identify him. The prosecutor then attempted to elicit the purpose of Ojeda having Lucy Terry light the cigarette. Objection to the question was sustained on the ground that it was incompetent, immaterial and irrelevant. The mere asking of a question to which an objection is sustained does not warrant reversal. (*People* v. *Patterson* (1899), 124 Cal. 102, 104 [56 P. 882]; *People* v. *Bradbury* (1907), 151 Cal. 675, 679 [103 P. 215].)

Narcotics agent Ojeda was asked if he knew of his own knowledge whether Lucy Terry's purse had been searched; the objection that this assumed a fact not in evidence was sustained. This question dealt with negativing the possibility of Lucy Terry having narcotics on her person at the time the purchase was made and also was to neutralize an attempt to impeach Ojeda on an alleged inconsistent statement by indicating what he meant by "knowledge." The rule stated in the preceding paragraph regarding a question where an objection is sustained is applicable here. Further, this question was successfully rephrased and answered without objection immediately thereafter.

Police officer Mosley was asked if he had seen the accused in the vicinity of the latter's home. The court overruled an objection of incompetent, immaterial and irrelevant. The officer testified that he had seen him there the night Ojeda and Lucy Terry bought the narcotics. The witness was competent to state what he had seen, the question was material to the question of the accused's presence that night and was relevant as tending to indicate the accused was the seller of narcotics that night.

The foregoing indicates that only two of the questions to which the defendant assigns error were objectionable, and in each case objections were sustained below. The defendant claims they prejudiced his right to a fair trial; such claim is without substance.

The defendant contends that he was not sufficiently identified by agent Ojeda as the person who sold the narcotics.

However, Ojeda testified that the defendant was the party who sold him the narcotics. ■ The trier of fact determines the credibility of the witnesses and the weight of the evidence. (*People* v. *Ashley* (1954), 42 Cal.2d 246, 266 [267 P.2d 271]; *People* v. *White* (1953), 115 Cal.App.2d 828, 831 [253 P.2d 108].)

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.