[No. E009066. Fourth Dist., Div. Two. Nov. 20, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT LEE GRIFFIN, Defendant and Respondent.

## COUNSEL

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Plaintiff and Appellant.

Mark L. Christiansen, under appointment by the Court of Appeal, Defendant and Respondent.

## OPINION

**RAMIREZ, P. J.**—The People appeal from the pretrial dismissal of this case, in which Robert Lee Griffin was charged with the 1980 murder of one of his fellow prison inmates at Chino's California Institution for Men.

Griffin was first tried and convicted for the killing several years ago, but this court reversed his first degree murder conviction due to jury instruction error. He was tried a second time and convicted as before, and we once again reversed his conviction, this time for improper admission of evidence at trial. We noted in our opinion as to this trial that ". . . [T]he majority of witnesses testifying . . . were fellow inmates of Griffin and the victim[, including the now infamous Leslie Vernon White, one of the chief prosecution witnesses.[1]] The air at trial was thick with accusations and insinuations of lack of credibility, favors in exchange for testimony, and gang affiliations." After our reversal of the second verdict, proceedings were begun a third time, but were terminated by the trial court's dismissal order. The People here contend that that order was improper. We agree and reverse.

## FACTS

When Griffin was first tried, he was charged with the enhancement that he personally used a knife during the stabbing murder of the victim. Griffin's first jury found that allegation to be not true. Therefore, when he was tried a second time, the People proceeded on an aiding-and-abetting theory. In our opinion reversing the second conviction, we advised the trial court, in the event of another retrial, to avoid admitting evidence inconsistent with the first jury's negative finding on the enhancement allegation in light of the split of authority on the subject.[2]

Accordingly, during pretrial proceedings for this third go-round, Griffin made a motion to prevent the People from introducing evidence that he was the one who stabbed the victim. Four days later, the parties were before the court when the following colloquy occurred:[3]

"The court: . . . [W]hat were you going to do about the trial?

---

[1]Mr. White has received wide attention in recent years due to his appearance on the "60 Minutes" television show and the coverage he has received in the New York Times and Los Angeles Times newspapers, Time magazine and various other publications. The attention has been due to the fact that Mr. White now claims that he has lied often in the past about claims he made as a "jailhouse informant."

[2]Compare *People* v. *White* (1986) 185 Cal.App.3d 822 [231 Cal.Rptr. 569] with *People* v. *Pettaway* (1988) 206 Cal.App.3d 1312 [254 Cal.Rptr. 436]. Recently, in *Pettaway* v. *Plummer* (9th Cir. 1991) 943 F.2d 1041, the Ninth Circuit, in a well-reasoned opinion, undid the First District's opinion in *People* v. *Pettaway, supra.* In light of *Pettaway* v. *Plummer* and *People* v. *White,* our advice was sound.

[3]The remittitur here issued on January 29, 1990. It was filed in superior court on February 6, 1990. On February 28, Griffin waived time for trial to April 23, 1990, "and 30 days beyond." In April, he moved for a continuance, which was granted to "+ 15 days beyond 6-11-90." On May 30, he waived time for trial "plus 30 days." The next mention of time is on July 20, when the waiver to November 5 plus 15 days occurred.

"[Defense counsel]: Your honor, . . . [the prosecutor] and *I have agreed* . . . to continue the matter for trial assignment to November 2, *trial to commence November 5.* [¶] Mr. Griff[i]n . . . is aware of the fact that he has a right to be brought to trial within 60 days of the filing of the [remittitur] and is agreeable to waive that statutory time. [¶] [To Griffin:] Is that correct?

"[Griffin]: Yes, sir, it is.

"The court: *What about some days beyond,* or have we been doing that in this case? *Usually if it is a court continuance to a date that far off, we don't know what our trial situation is.* [¶] I note there have been some waivers to a date plus 15 days. *Would he be willing to waive 15 beyond that date?*

"[Defense counsel]: Fifteen calendar days.

"The court: All right.

"[Griffin]: Yes, sir.

"The court: . . . [W]e will then note for good cause, *matter being reset for* . . . November 2 . . . trial assignment, and *trial November 5 . . . .*" (Italics added.)

Thereafter, the trial court granted Griffin's motion to prevent the prosecution from introducing evidence that he was the stabber, adding, "[A]t retrial[,] the [P]eople will be limited to guilt based on 'aiding and abetting' rather than 'stabber.'" Three weeks later, Griffin filed an "On Going Request for Evidentiary Suppression of Facts Showing Defendant to be the Actual Perpetrator of the Stabbing Death of the Victim." Thereafter, the People filed points and authorities in opposition to Griffin's "On Going Request . . ." and, therein, sought "specification of exactly what evidence is encompassed by the [c]ourt's exclusionary order." That clarification was made by the court on October 9, and an order setting it forth was filed the following day. On October 16, during a status conference, the trial court was informed that the People would be seeking a writ at this court. Although the minute order for that date does not specify which ruling was to be the subject of the writ petition, it is clear that the People were intending to challenge the trial court's orders regarding the evidence that Griffin was the actual stabber. Despite being informed of the People's intention to pursue a writ with this court, the minute order for October 16 indicates that "*the trial dates of* 11-2-90 and *11-5-90 are confirmed.*" (Italics added.)

The People's petition for writ of mandate/prohibition challenging the trial court's evidentiary rulings was filed with this court on November 9, 1990. We denied the petition on November 14.[4]

On November 21, Griffin moved for dismissal on the grounds that the last day during which trial could have commenced by agreement of the parties, November 20, had passed. The People argued that "under [Penal Code section] 1382 . . . we . . . ha[d] ten days beyond [November 20] . . . the last date agreed upon by the defendant for trial. . . . [T]he statute is relied upon by the People in the filing of the writ." During colloquy following the parties' presentations of their conflicting views, both defense counsel and the prosecutor agreed that "*the trial date was November the 5th[.]*" (Italics added.)[5] Defense counsel stated, without contradiction by the prosecutor that, "[I]t has been my experience in this courthouse, in this jurisdiction, that additional time waivers beyond the ten days [provided by section 1382] incorporate and include the ten days.

The trial court, in apparent agreement, said in granting Griffin's motion to dismiss:

". . . [I]t has been the practice in all of the departments in the West District that I am familiar with handling criminal cases and [it] may well be a countywide policy, that when we seek waivers of times from defendants for trial, that we select a date and then we seek to get an additional period of time, either 30 days, if a defendant is in custody, or 60 days, if a defendant is not in custody, to give the People more time to get the case out for trial than is afforded by the statute. . . . [Griffin] agreed to a commencement of trial 15 calendar days beyond November the 5th which meant that the trial could have commenced on or before November 20, which was yesterday. [¶] . . . [I]t is my distinct impression based on the practice that has existed in this jurisdiction for a long period of time that it was the intention and understanding of the parties that the defendant and his counsel were not agreeing to an additional 10-day period after the 15 days but rather were agreeing to an additional five days over and above the ten days to which the People would have been entitled . . . under the statutory provision. [¶] . . . [I]f the People are insisting now that they have an additional

---

[4]The People then challenged the evidentiary ruling by petition for writs of mandate and prohibition, addressed to the California Supreme Court, a copy of which was lodged with our court on January 2, 1991. The Supreme Court denied the petition on February 28, 1991. The People concede in their briefs before us that they cannot bring Griffin to trial for the third time unless they can obtain a favorable ruling on this evidentiary issue.

[5]The prosecutor also conceded that had Griffin not agreed to the additional 15 days beyond November 5, he would have had to have been brought to trial under section 1382 by 10 days from the 5th. Reasoning backward, that means that the "date set for trial," as provided by the statute, was November 5.

10-day period beyond November 20, that not only w[ere] the defendant and his counsel misle[]d, but also this court and probably [the] judge . . . at the time that the waiver was taken . . . . And, therefore, on that basis this court determines that this court has no alternative but to grant the defendant's motion for dismissal pursuant to the provision of 1382, subsection b, and also the practice that has existed in this jurisdiction for some period of time which in my judgment has caused an apparent estoppel situation."

## DISCUSSION

■ Penal Code section 1382, subdivision (b), provides in pertinent part: ". . . [A]n action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant . . . and if the defendant is brought to trial on *the date so set for trial* or within 10 days thereafter." (Italics added.) The crucial question is the meaning of the term "the date so set for trial."

At the hearing on the motion to dismiss below, the prosecutor conceded, in two different ways,[6] that the date set for trial was November 5 and not November 20. By backward reasoning from a concession in the People's briefs on appeal, they still take that same position.[7]

Penal Code section 1382 uses the term "[the] date . . . set for trial" as the trigger to the 10-day grace period. Clearly, November 5 was the "date- . . . set for trial" here. The problem arises in the interchangeable use over the years by the cases construing section 1382 of the term "the last day to which defendant may have consented [for trial]," or "the latest trial date to which he consented" with the pivotal phrase, "[the] date . . . set for trial." Perhaps this seemingly haphazard interchange occurred because the problem we confront here, where there is clearly a difference between the date set for trial (Nov. 5) and the last day to which the defendant consented for trial (Nov. 20) was never anticipated.

Before it was amended in 1959, Penal Code section 1382 provided, "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within 60 days. . . ." There was no 10-day grace period, therefore, defendants whose trials did not commence within the 60 days could obtain a dismissal on day 61.

---

[6]See footnote 5, *ante*, and text accompanying it.

[7]See footnote 5, *ante*, for that concession, which was repeated twice in the People's briefs on appeal.

In *Ray* v. *Superior Court* (1929) 208 Cal. 357, 358 [281 P. 391], where defense counsel consented to a resetting of the trial date beyond the 60 days, the Supreme Court held that "[t]he consent of a defendant that his trial . . . be set for a date beyond the sixty-day limit . . . is equivalent to a postponement upon his application within the meaning of that section, and is sufficient excuse for the delay." The court therefore denied defendant's dismissal motion brought on the day she had agreed trial could commence.

*In re Lopez* (1952) 39 Cal.2d 118 [245 P.2d 1], defense counsel consented to continuances of the case, then later announced that he was ready and objected to any further continuances, while moving to dismiss. The Supreme Court called the latter date "the last trial date to which the defendant had consented" (*id.*, at p. 119)[8] and, relying on *Ray*, held that this was the equivalent of an application to postpone the trial. (*Id.*, at p. 120.) The court commented that a defendant who "consents to a trial date beyond the 60-day time limit thereby waived any statutory right he had to a dismissal on that date."

*Lopez* decided, albeit unsatisfactorily, questions that had arisen due to the unclear wording of Penal Code section 1382. (*Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 244 [168 Cal.Rptr. 466, 617 P.2d 1098].) As the Supreme Court in *Owens* noted years later, "the statute [itself, apart from the holding in *Lopez*] was unclear as to whether an accused who obtained a postponement of his trial to a date past the 60-day limit thereby lost forever his statutory rights to a speedy trial and a dismissal. Moreover, section 1382 did not indicate whether these statutory rights were affected by an accused's request for a postponement to a date *within* the 60-day period. [¶] . . . [T]he Judicial Council urged the Legislature to clarify these ambiguities in section 1382. It 'recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) except when the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed if it is not brought to trial within 10 days after *the last date for trial to which the defendant consented*. This will clarify the present rule by (a) establishing that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period, (b) fixing 10 days as a reasonable time for trial *after expiration of the period consented to by the defendant*, and (c) eliminating the possibility that delays attributable to a defendant which are wholly within the [60-day] period may prevent dismissal.' ([Judicial Council of

---

[8]Relying on *Lopez*, in 1958, in a case wherein defense counsel consented to trial on a date certain outside the 60 days, the Supreme Court held the defendant " 'was not entitled to go to trial as of right on the day to which he last consented . . . .' " (*People* v. *Weiss* (1958) 50 Cal.2d 535, 559 [327 P.2d 527].)

Cal., 17th Biennial Rep. (1959)] at p. 32.) [¶] To implement its recommendations, the Judicial Council proposed [the 1959] amendment to section 1382 . . . . The text of the eventual amendment adopted verbatim the language proposed by the Judicial Council . . . . [T]he language added to subdivision 2 by the 1959 amendment remains intact today. [¶] Reports of commissions which have proposed statutes that are subsequently adopted are entitled to substantial weight in construing the statutes. [Citations.] This is particularly true where[, as here,] the statute proposed by the commission is adopted by the Legislature without any change whatsoever . . . ." (*Owens* v. *Superior Court, supra,* 28 Cal.3d at pp. 244-246, italics in original and added.)

Unfortunately, when the Judicial Council proposed the amendment to Penal Code section 1382 and it was adopted by the Legislature, it provided that the 10-day grace period was to begin running on "[the] date . . . set for trial" and not, as the council obviously intended, on "the last date for trial to which the defendant had consented." In our case, there is a difference between these two dates. However, because of the Supreme Court's comments in *Owens,* and that court's continual use of the two terms synonymously (see, e.g., *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 776-777 [200 Cal.Rptr. 916, 677 P.2d 1206]; *Owens* v. *Superior Court, supra,* 28 Cal.3d at p. 250; *People* v. *Wilson* (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452]; *Malengo* v. *Municipal Court* (1961) 56 Cal.2d 813, 815 [17 Cal.Rptr. 10, 366 P.2d 453]),[9] albeit in factual contexts different from the one before us, we feel compelled to fall in line and interpret the two phrases to mean the same thing.

The 10-day grace period is automatic, and the defendant may not rescind it. From a logical standpoint, then, we agree with the People's point, asserted at oral argument, that Griffin could not and therefore did not waive the 10-day period when he consented to trial within the November 5 to November 20 period.

Finally, we recognize that Griffin and his trial attorney may have reasonably believed that the People had until November 20, at the latest, to bring him to trial. However, there is no authority supporting the derogation of the

---

[9]Of course, there are numerous nonbinding Court of Appeal decisions which treat the two phrases identically, citing in support these Supreme Court decisions.

Just to demonstrate the casual attitude which even the Supreme Court had about the difference between the two phrases, we quote from another of its decisions, interspersed, chronologically with the others cited: "The 10-day grace period described in section 1382 . . . becomes operative only when defendant has consented, expressly or impliedly, to a *trial date* beyond the basic 60-day limit." (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 780 [126 Cal.Rptr. 251, 543 P.2d 619].)

10-day grace period in the face of contrary belief by defendant as to when he will be tried.

## DISPOSITION

The order dismissing this case is reversed.

Dabney, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied December 19, 1991, and respondent's petition for review by the Supreme Court was denied February 13, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.