[No. B139098. Second Dist., Div. Five. Apr. 17, 2000.]

PORFIRIO LUZ MEDINA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael P. Judge, Public Defender, Carol A. Clem and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Brent Riggs and Abe Weisbrot, Deputy District Attorneys, for Real Party in Interest.

## OPINION

## WEISMAN, J.*—

### PROCEDURAL BACKGROUND

On March 2, 1999, an information was filed in respondent Superior Court of Los Angeles County by real party in interest, the People of the State of California (the People). The information charged petitioner Porfirio Luz Medina with having committed robbery (Pen. Code, § 211; count 1) and commercial burglary (Pen. Code, § 459; count 2) on January 28, 1999. It was further alleged as to count 1 that petitioner personally used a deadly or dangerous weapon (Pen. Code, § 12022, subd. (b)(1)). It was also alleged that petitioner had suffered various prior felony convictions, including a conviction for a serious or violent felony that constituted a strike under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), thereby making the instant case a "second strike" case. After a number of continuances, the case was set for trial in respondent court on January 11, 2000.

On January 11, 2000, petitioner moved to continue the case for trial to the date of January 31, 2000. Respondent court obtained an express time waiver from petitioner. Respondent court explained to petitioner that he had a right to have his trial held within 10 days of January 11, 2000, that his attorney was asking for the trial to be continued to January 31, 2000, and that petitioner would then have a right to have his trial "within ten days of that day." Petitioner agreed to the continuance as explained by the respondent court.

On January 31, 2000, the matter was before respondent court and petitioner announced ready for trial. The People asked respondent court "to trail this to the last day." The People indicated they needed "the ten days" and asked that the trial be trailed to February 10, 2000. Respondent court trailed the trial "until the last day—the last day, February 10th." Respondent court again noted that "[t]hat is our last day."

On Thursday, February 10, 2000, petitioner once again announced ready for trial. The People asked respondent court to trail the trial to the following Monday, which was February 14, 2000. The People took the position that when petitioner agreed on January 11, 2000, that his trial could be continued to January 31, 2000, with the explanation that he would have a right to have

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

his trial within 10 days of that day, petitioner was actually consenting to a continuance of his trial date to February 10, 2000, and that the 10-day period set forth in Penal Code section 1382, subdivision (a)(2)(B)[1] did not begin to run until February 10, 2000, making the last day for trial February 20, 2000. The People cited *People v. Griffin* (1991) 235 Cal.App.3d 1740 [1 Cal.Rptr.2d 620], as authority in support of this position.[2]

Respondent court stated that when it explained to petitioner, or any other criminal defendant, that he would have a right after a continuance to have his trial commence within 10 days of the new trial date, respondent court was not asking for and petitioner was not agreeing or consenting to the extra 10-day period as part of the continuance, to be followed by yet another 10-day period under the provisions of Penal Code section 1382, subdivision (a)(2)(B). Rather, respondent court believed it was merely advising petitioner of the effect of a time waiver under Penal Code section 1382, subdivision (a)(2)(B), which by operation of law added 10 days from the new trial date for the matter to be brought to trial.

Respondent court read *Griffin* and interpreted it as suggested by the People, finding that it applied to petitioner's situation. Respondent court believed the result was not logical, made no sense, and "boggles the mind," but it believed it was bound to follow *Griffin*. Respondent court thus ruled that when petitioner agreed to waive time from January 11, 2000, to January 31, 2000, with the understanding that he had a right to be brought to trial within 10 days of January 31, 2000, that petitioner was actually waiving time all the way to February 10, 2000, and that the 10-day grace period under

---

[1]Penal Code section 1382, subdivision (a) provides in pertinent part: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an . . . information . . . . However, an action shall not be dismissed under this paragraph if either of the following circumstances exist: [¶] . . . [¶] (B) The defendant requests or consents to the setting of a trial date beyond the 60-day period. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter."

[2]In *People v. Griffin, supra,* 235 Cal.App.3d at pages 1745-1748, the defendant agreed to a continuance that involved more than the 10-day "grace period" established by Penal Code section 1382, subdivision (a)(2)(B). The defendant agreed to continue his case for trial to a particular day with the additional understanding that he would also "waive" time for trial to a date 15 days beyond the continuance date. The court in *Griffin* held that by agreeing to a date outside of the statutory 10 days established by statute in Penal Code section 1382, subdivision (a)(2)(B), the defendant had in effect waived time for trial to the end of the extra 15-day period he agreed to, and the statutory 10-day period did not commence to run until the end of the agreed upon 15-day period. (*Ibid.*) By contrast, in the instant case, petitioner did not agree to a trial date outside of the statutory 10-day period. He simply agreed that his trial date would go over to January 31, 2000, and a 10-day grace period would then commence the day after January 31, 2000.

Penal Code section 1382, subdivision (a)(2)(B) did not begin to run until after February 10, 2000, thus making the real last day for trial February 20, 2000. Respondent court suggested to petitioner that he should file a writ to obtain review of the situation in an appellate court that was not bound by the perceived holding in *Griffin*.

Petitioner petitioned this court on February 17, 2000, seeking the issuance of a peremptory writ of mandate directing respondent court (1) to vacate and set aside its order of February 14, 2000, denying petitioner's motion to dismiss his felony case based on a violation of his statutory right to a speedy trial under Penal Code section 1382, subdivision (a)(2)(B), and (2) to enter a new order granting said motion and dismissing the case. The People filed an informal response to the petition, arguing that respondent court acted properly in denying the motion to dismiss. We issued an alternative writ of mandate ordering respondent court to vacate its order denying the motion to dismiss and to enter a new order granting the motion, or to show cause before this court why it should not be ordered to do so. The People notified this court that they did not intend to file a return to the petition and had no opposition to respondent court's complying with the alternative writ by granting the motion to dismiss, which would render the issue moot. In fact, respondent court did grant the motion to dismiss and dismissed petitioner's felony case on April 3, 2000.

Petitioner has requested that this court decide the merits of the issue presented in the petition despite the mootness of the issue in this particular case, because the issue is of general public concern, of concern to the bar and bench, and of particular concern involving the supervision of the administration of criminal justice. Petitioner alleges that the issue of the proper application of the holding in *Griffin* is being argued in many trial cases where the People are asserting that when a defendant is informed of the effect of a time waiver and agrees to be brought to trial on the new continuance date, or within 10 days of that day, that the 10-day grace period does not commence to run until 10 days after the new continuance date, thereby giving the People an extra 20 days. Petitioner asserts that this interpretation of *Griffin* results in defendants spending additional time in custody when their cases should be dismissed.

█ It is settled that a reviewing court may exercise jurisdiction to resolve an issue that is of public interest and that is likely to recur, even after a trial court has complied with an alternative writ and such compliance has rendered the underlying proceeding moot. (*Davies v. Superior Court* (1984) 36 Cal.3d 291, 294 [204 Cal.Rptr. 154, 682 P.2d 349].) When a question of general public concern is involved, particularly in the area of the supervision

of the administration of criminal justice, a reviewing court may reject mootness as a bar to a decision on the merits of an issue. (*In re Walters* (1975) 15 Cal.3d 738, 744 [126 Cal.Rptr. 239, 543 P.2d 607].) Thus, a reviewing court has "inherent discretion" to resolve an issue of broad public interest that is likely to recur, even though an event occurring during the pendency of the case would normally render the matter moot. (*In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737].)

We consider the issue presented to be one of broad public interest, since it could impact on the speedy trial rights of every person charged with a crime. It appears that the issue will be likely to recur unless it is resolved at this time. We therefore conclude that the issue is of sufficient import and significance that it justifies rejecting mootness as a bar to a decision on the merits. We will therefore decide the issue presented in the petition despite the fact that the underlying felony case has been dismissed.

## DISCUSSION

█ The statutory time period in which a felony matter must be brought to trial is set forth in Penal Code section 1382. The statutory scheme provides that in the absence of a showing of good cause for delay, an information must be dismissed if the accused is not brought to trial within 60 days of the date on which he or she was arraigned on an indictment or information (Pen. Code, § 1382, subd. (a)(2)). An exception to this rule applies when a defendant requests or consents to the setting of a trial date beyond the 60-day period. In that situation, Penal Code section 1382, subdivision (a)(2)(B) provides, in relevant part, that "[w]henever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver[3], the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." The 10-day period does not begin to run until the defendant announces ready for trial on the date to which the trial was continued, or on a later date to which the defendant impliedly or expressly consented if the case was again continued. (*Bryant v. Superior Court* (1986) 186 Cal.App.3d 483, 488-499 [230 Cal.Rptr. 777].) The 10-day period is "automatic" by operation of Penal

---

[3]The general waiver procedure is not at issue in this case. A general waiver is governed by Penal Code section 1382, subdivision (a)(2)(A), and provides for another exception to the rule that a case must be dismissed if not brought to trial within 60 days of the arraignment date. It provides, in part, that a case shall not be dismissed if: "[t]he defendant enters a general waiver of the 60-day trial requirement. A general waiver of the 60-day trial requirement entitles the superior court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. If the defendant, after proper notice to all parties, later withdraws his or her waiver in the superior court, the defendant shall be brought to trial within 60 days of the date of that withdrawal." (Pen. Code, § 1382, subd. (a)(2)(A).)

Code section 1382, subdivision (a)(2)(B), and cannot be unilaterally waived by a defendant. (*People v. Griffin, supra,* 235 Cal.App.3d at p. 1747.) This is because the 10-day period not only protects the defendant by setting a time limit within which he must be brought to trial, but because it also protects the People by giving them 10 days if necessary.[4]

When a defendant is represented by counsel, counsel can waive time without a personal time waiver being taken from the defendant. (*People v. Noriega* (1997) 59 Cal.App.4th 311, 320, fn. 4 [69 Cal.Rptr.2d 127].) If counsel is appointed, however, counsel can waive time for the defendant only if the time waiver is sought by counsel in the best interests of the defendant and not merely to resolve a calendar conflict on the part of counsel. (*Ibid.*) If the defendant is unrepresented, Penal Code section 1382, subdivision (c) states that "the defendant shall not be deemed . . . to have consented to the date for defendant's trial unless the court has explained to the defendant his or her rights under this section and the effect of his or her consent."

In practice, many courts take personal time waivers from defendants even when they are represented by counsel. In taking such time waivers the court often informs defendants that if they agree to continue their case to a date certain that is outside of the 60-day statutory period, that they will then have a right to be brought to trial on the new trial date or within 10 days of that date. This is done not to set a trial date as being 10 days from the continuance date, but rather to advise the defendants of the effect of their consent, which is to start a 10-day clock running if they announce ready on the new trial date.

This in fact was the procedure used by respondent court in the instant case. The record of the proceedings on February 10, 2000, discloses that respondent court informed the prosecutor that it did not intend for petitioner to consent to an extra 10 days after the continuance date of January 31, 2000, when it advised him of the existence of the 10-day period at the time of the waiver on January 11, 2000. Respondent court stated that it believed it was simply advising petitioner of the mandatory effect of the statutory scheme so there would be a knowing and intelligent time waiver from January 11,

---

[4]We note that *Griffin* did not address the validity of a stipulated continuance where the People also waive their right to the 10-day grace period and agree that the last day for trial can be 15, 20 or 30 days (or whatever date the People and defendant agree on) after the new date to which the trial is continued. There does not appear to be any reason why the People and defendant cannot both waive their interests protected by the 10-day grace period and stipulate to a last day that is truly a last day for trial. In the instant case, however, the People did not expressly waive their right to a 10-day grace period, so we do not have to reach this issue.

2000, to January 31, 2000. Respondent court did not believe that petitioner was consenting to a trial date of February 10, 2000, to be followed by yet another 10-day period under Penal Code section 1382, subdivision (a)(2)(B).

Nevertheless, the People argued on February 10, 2000, that because petitioner was aware that he might not be brought to trial until a date 10 days after January 31, 2000, he consented to a trial date of February 10, 2000, and the 10-day statutory period did not start to run until February 10, 2000. The People relied upon their reading of *People v. Griffin, supra,* 235 Cal.App.3d at pages 1745-1748, which they believed stood for the proposition that when a defendant agrees to a trial date on a date certain and also agrees to a trailing period after that date, the 10-day grace period of Penal Code section 1382, subdivision (a)(2)(B) does not begin to run until the end of the agreed-upon trailing period. We disagree with the People's reading of *Griffin* and will take this opportunity to clear up any confusion that may exist about the ruling in *Griffin* on the part of prosecutors, judges, and defense attorneys.

In *Griffin,* the defense attorney announced that he and the prosecutor had agreed to continue the matter for trial assignment to November 2 with the trial date actually set for November 5, which was outside of the statutory 60-day limit. The trial court then inquired about "some days beyond" and asked if defendant would be willing to also "waive 15 [days] beyond that date?" The defendant in *Griffin* replied he would do so. (*People v. Griffin, supra,* 235 Cal.App.3d at p. 1743.) On November 21, the defendant in *Griffin* moved for dismissal since the 15-day trailing period he had agreed to had passed and he had not been brought to trial. The trial court granted the motion and dismissed the case. The People appealed from the pretrial order of dismissal and argued that they had an additional 10 days to bring the defendant to trial that did not even commence to run until the end of the nonstatutory 15-day trailing period that the defendant had consented to. (*Id.* at pp. 1743-1745.) The *Griffin* court stated that the statutory 10-day grace period is "automatic" and cannot be "rescind[ed]" by a defendant, and held that the 10-day period went into effect at the conclusion of the nonstatutory 15-day trailing period that the defendant had agreed to. (*Id.* at p. 1747.)

We read *Griffin* in light of the actual procedural situation presented in that case. In *Griffin,* the defendant went beyond the statutory 10-day trailing period contained in Penal Code section 1382, subdivision (a)(2)(B) and agreed to a nonstatutory trailing period in which he could be brought to trial. In such a situation, the court in *Griffin* simply held that the 10-day grace period of Penal Code section 1382, subdivision (a)(2)(B) does not commence to run until the end of the nonstatutory trailing period. The holding in

*Griffin* is limited to a situation where a defendant unilaterally agrees to a nonstatutory trailing period, and it does not apply to or impact on the situation found in the instant case which involves a statutory trailing period.

In the instant case, petitioner did not agree to a nonstatutory trailing period. Rather, he agreed that his trial would commence on January 31, 2000, and he also indicated he understood that the People would automatically have an additional 10-day period in which to bring him to trial. This additional 10-day period was the statutory period contemplated by Penal Code section 1382, subdivision (a)(2)(B), and was not a nonstatutory period like the 15-day period involved in *Griffin*. In the instant case, therefore, the last day for trial under Penal Code section 1382, subdivision (a)(2)(B) was February 10, 2000, and petitioner was entitled to a dismissal when the People failed to bring him to trial by that date. In so holding, we reject the People's position that the reasoning of *Griffin* should apply to time waivers where a defendant is advised of and agrees to a statutory 10-day trailing period as contemplated by Penal Code section 1382, subdivision (a)(2)(B). If we accepted the People's position, every time a court advised a defendant of his speedy trial rights and the effect of a time waiver, including the automatic 10-day trailing period, the defendant would find that he was actually facing not only the 10-day trailing period he agreed to but another 10-day time period automatically tacked on as well. And, as noted by petitioner in argument in support of his petition, if the trial court in fairness advised a defendant of this "additional" 10-day period when it took the time waiver, there would be yet another 10-day period added on since the defendant would be deemed to have "agreed" to trial within the trailing periods, thereby extending the agreed upon trial date. We reject the position of the People as illogical, contrary to the clear meaning of Penal Code section 1382, subdivision (a)(2)(B), and contrary to public policy.

### DISPOSITION

Inasmuch as respondent court has complied with the alternative writ issued by this court, issuance of a peremptory writ is unnecessary. The alternative writ is discharged and the petition for writ of mandate is denied.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

On April 25, 2000, the opinion was modified to read as printed above.