[No. B156079. Second Dist., Div. Seven. June 3, 2002.]

ARMANDO BAILON, JR., Petitioner, v.
THE APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS
ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael P. Judge, Public Defender, Kenneth W. Jones and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Patrick D. Moran and Brentford J. Ferreira, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WOODS, J.—**

### SUMMARY

Claiming violation of his statutory right to a speedy trial, Armando Bailon, Jr., moved to dismiss his misdemeanor case. The trial court denied the motion, and the appellate division of the superior court denied Bailon's subsequent writ petition to that court challenging the trial court's ruling. In this court, Bailon now seeks a writ of mandate directing the appellate division to vacate its prior order and directing that court to issue a new order compelling the trial court to dismiss the misdemeanor case against Bailon. We issued an order to show cause, and after considering the briefing and oral argument from Bailon and the People, we grant the writ petition.

### FACTUAL AND PROCEDURAL SYNOPSIS

Bailon was cited for a misdemeanor violation of Vehicle Code section 23152, subdivision (a), driving under the influence of drugs or alcohol. On November 7, 2001, after he was appointed counsel and while he was free on his own recognizance, Bailon was arraigned and entered a not guilty plea. On November 21, Bailon "waive[d] statutory time," but requested a trial date of December 14. On December 14 ("Day 00 of 10" according to the court's minute order), Bailon appeared but the prosecutor did not, and trial was continued to December 21.

On December 21 (a Friday and day "7 of 10"), the prosecutor (Steven Heller) said, "Your Honor, to the best of my ability to tell at this moment, the People are ready; and so I guess we're going to need to trail this over to Monday as 10 of 10 with a panel ordered. I spoke with [defense counsel] about possibly avoiding that, but . . . apparently it's not possible." The prosecutor said no disposition was possible either and gave a three- to four-day estimate for trial. This exchange followed:

"The court: I think we have one judge here on Monday [Christmas Eve]. Any possibility we can *start* this *on Wednesday*?

"[Defense counsel (Patricia Hutton-Payton)]: Your Honor, Mr. Bailon would stipulate for *last day* being Wednesday.

"The court: Excellent.

"[Defense counsel]: *That we could start trial on that date.*"

"The court: That will be the 26th. All right. . . . Mr. Bailon, you have the right to have your trial start *at the latest* on Monday. Do you understand that right, give up that right, and agree that we can *start* this matter *on Wednesday*, the 26th?

"[Bailon]: Yes, sir.

"The court: Counsel join in the time waiver?

"[Defense counsel]: Yes.

"The court: All right. The matter will be *set for trial as 10 of 10 on Wednesday, December 26th.*" (Italics added.)

The court directed the clerk to call the jury room and order a panel for that date. The prosecutor said nothing.

On December 26, the court noted for the record that the matter was on calendar for trial "*as 10 of 10.*" The prosecutor (Richard Quinones) and defense counsel (Kenneth W. Jones) both announced that they were ready to start trial. The court continued: "We have a problem that I discussed with both counsel in chambers. This matter was on calendar last Friday, as . . . day 7 of 10, which would have made the last day for trial Christmas Eve, December 24th. We were short judges on that date, and I asked Miss Hutton-Payton, who was standing in for you, Mr. Jones, on that date whether her client, Mr. Bailon, would agree to make *today the last day by stipulation instead of December 24th.*

"He did waive time until today *as last day*, and we set the matter for trial; I ordered a panel of 40 jurors for today, but apparently there was a miscommunication between the clerk [and] the jury room. [O]ne of two things happened: Either the clerk who was in [this division] on Friday miscommunicated with the jury assembly room and told them that we needed them for Wednesday, the 2nd, instead of today; or the jury room misheard the clerk and scheduled it for January 2nd. In any event, there are no jurors here today, so we can't begin jury selection. The question is . . . whether that constitutes good cause to put the matter over until tomorrow."

Defense counsel (Jones) moved to dismiss the case and objected that "any continuance beyond today's date . . . would violate Penal Code section 1382."[1] The prosecutor (Quinones) requested a *"good cause* continuance" for the next day "based on the clerical miscommunication." (Italics added.) Defense counsel responded that Bailon had been "ready from the beginning" and should not bear the burden of any miscommunication between the court staff.

The trial court ordered a jury panel for the following afternoon and, after explaining the North District's "on call" policy for the record, found *good cause* for a one-day continuance.[2] The court acknowledged defense counsel's renewed objection and emphasized that the continuance was without prejudice to Bailon's ability to argue a motion to dismiss the case the next morning.

On December 27, Bailon (through Jones) argued his motion to dismiss. Noting that neither attorney present that day had been in court on December 21, defense counsel stated: "[I]n reading the minute order from December 21st, . . . it appears that Miss Hutton-Payton was in court [on Bailon's behalf], Mr. Heller was in court [on behalf of the People], and it was at that time *agreed* that—*it was **stipulated between the two parties** that December 26 . . . would be *day 10 of 10, or [the] last day, for trial* on this matter. And *I want to verify*, first of all, that *that is the court's understanding and **that is the People's understanding of the case.***

---

[1]All undesignated statutory references are to this code.

[2]The trial court stated: "We don't have a pool of jurors available on any given day because on most days we don't have a trial that's starting. [¶] What we do is we have jurors calling after [4:00] on the night before we might need jurors. If we need jurors for the following day, like tomorrow, we'll put a recording on a message machine telling jurors to come in for a particular trial. So if we have not ordered jurors by the night before at [4:00], we'll have no jurors available to begin the trial. [¶] We found out . . . probably about [2:00] this afternoon . . . that there was absolutely no one available. [N]o jurors had been summoned for today's date because [the jury assembly room] did not believe there were any trials that were set to start today[;] they had 40 that they were planning on ordering for the 2nd, so there was no way for us to get jurors for today."

"The court: Yes. That is correct. What happened on Friday is the last day normally would have been December 24th, the day before Christmas. Most of the judges in the building were out, and the court was planning on taking that day off as well. I asked Miss Hutton-Payton whether she would have any objection to *waiving a day*, essentially, and to beginning the trial on the 26th. She indicated she did not, and both she and Mr. Bailon agreed that trial could start on the 26th instead of the 24th *as the last day*. But your reading of the file is accurate, yes.

"[Defense counsel]: *It is correct. And the People agreed with that also; is that correct, Mr. Quinones?*

"Mr. Quinones [the prosecutor]: *That is correct, Your Honor.*

"[Defense counsel]: All right. Now, *the next thing I want to ask: It's the court's belief that we did actually go beyond that time by continuing the case until today. We went beyond the time for trial.*

"The court: *That—the record is clear.* [T]oday is the 27th, and we were unable to start the trial yesterday because of the absence of jurors . . . .

"[Defense counsel]: *I'm making that record because that is what my Appellate Department wanted me to make prior to going into the motion.* [¶] Okay. Well, clearly what's happened is the case has been continued, and then the question is whether or not there's been good cause. . . ." (Italics added.)

The prosecutor and defense counsel then went on to argue at length whether the miscommunication between the court clerk and the jury assembly room staff constituted *good cause* for the one-day continuance. The trial court ultimately "reaffirm[ed]" its finding of good cause and denied Bailon's motion to dismiss under section 1382.

Defense counsel moved for a continuance in order to file a writ petition. Bailon first filed a petition in the appellate division of the superior court. In that petition, Bailon noted that the parties had stipulated that December 26 would be the "last day" he could be tried and that trial did not proceed on that day due to the miscommunication between court personnel. Because the miscommunication did not constitute good cause for a continuance, Bailon argued, his motion to dismiss for failure to bring him to trial within the time limits of section 1382 should have been granted.

On January 25, 2002, without requesting or receiving any opposition, the appellate division ruled as follows: "The petition is denied. *The defendant*

*and the People may not stipulate or agree as to what day is the "last day" to bring a matter to trial.* Under . . . section 1382, subdivision (a)(3)(B), '[w]henever a case is set for trial beyond the 30-day or 45-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter.' It is the language of the statute, not the agreement of the parties, which controls the determination of what is the last day for trial. (People v. Griffin (1991) 235 Cal.App.3d 1740, 1745-1748 [1 Cal.Rptr.2d 620] [(*Griffin*)].) The last day to which [Bailon] consented was December 26, 2001. This date became day '0 of 10' for commencing trial, and thus the failure of the trial court to begin trial December 26 was not cause for dismissal under . . . section 1382." (Italics added.)

Later that month, Bailon filed his writ petition in this court. (Code Civ. Proc., § 904.1; see *Baluyut v. Superior Court* (1996) 12 Cal.4th 826, 829, fn. 3 [50 Cal.Rptr.2d 101, 911 P.2d 1]; *Owens v. Superior Court* (1980) 28 Cal.3d 238, 243 [168 Cal.Rptr. 466, 617 P.2d 1098].) He maintains that his trial was delayed without good cause. In addition, he argues that the parties may lawfully stipulate that a case must be dismissed if delayed beyond an agreed date without good cause, and, in the alternative, if such a stipulation is unenforceable, his consent to the delay was invalid. Bailon requested issuance of a peremptory writ of mandate directing the appellate division to vacate its January 2002 order denying his writ petition, directing that court that he is entitled to dismissal if there was no good cause for the delay and requiring that court to consider whether there was good cause.

We notified the parties that we were considering the issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) In their informal response, *the People concede that the trial court erred in finding good cause for the continuance beyond December 26* (see *Plezbert v. Superior Court* (1971) 22 Cal.App.3d 169, 173 [99 Cal.Rptr. 340] [the risk of clerical error or neglect must rest with the prosecutor, not the defendant]; *Sykes v. Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90] [same]), but argue (for the first time) that when the trial date was put over to December 26, that "became day 0 of 10 under section 1382, subdivision (a)(3)(B)," citing *Griffin, supra,* 235 Cal.App.3d 1740. Bailon filed a reply.

We then issued an order to show cause why the appellate division should not be compelled to grant Bailon's request for relief. In response, the People filed a formal return, maintaining their initial position and further arguing that the 10-day grace period may never be waived in advance. Bailon filed an additional reply.

## DISCUSSION

██ We first address the fact that the sole basis for the People's contention that the trial court properly denied Bailon's motion to dismiss (notwithstanding their concession that the trial court erred in finding good cause for a continuance) is the argument that December 26 was actually "day 0 of 10" under the *Griffin* case—a theory first raised by the appellate division and never raised in the trial court. Generally, on appeal, a judgment or order will be affirmed if it is correct on any theory, regardless of the trial court's reasons; thus, a respondent may assert a new theory to establish that an order was correct on that theory "*unless* doing so would unfairly prejudice appellant by depriving him or her of the opportunity to litigate an *issue of fact*." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2001) ¶ 8:241, p. 8-117 (rev. #1 2000).) ██ ██ ██ The same principles apply in this criminal writ proceeding.[3] (See *People v. Manning* (1973) 33 Cal.App.3d 586, 600-601 [109 Cal.Rptr. 531] ["[t]his is an elemental matter of fairness in giving each of the parties an opportunity adequately to litigate the facts and inferences relating to the adverse party's contentions" (in the context of a motion to suppress evidence under § 1538.5)]; *Lorenzana v. Superior Court* (1973) 9 Cal.3d 626, 640 [108 Cal.Rptr. 585, 511 P.2d 33] [same].)

██ To the extent the People's new theory is premised upon its after-the-fact dispute as to whether the prosecutor *agreed* that December 26 was truly the last day on which Bailon could be tried, fairness considerations would preclude the People's change of theory here because Bailon was not "reasonably put on notice to present all [his] evidence" as to this new theory; at most, we would remand the matter to allow Bailon to develop the record on this point. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra,* ¶¶ 8:240 to 8:240.1, pp. 8-116 to 8-117.) However, because the record compels our conclusion on this issue (as we will explain), we find that the facts are not "open to controversy" and that Bailon will not be prejudiced by our consideration of the People's theory. (*Id.* at ¶ 8:240, p. 8-116 & ¶ 8:241, p. 8-117 (rev. #1 2000).) Accordingly, we proceed to the merits.

---

[3]In terms of the nature and scope of review, the function of an appellate court is substantially the same in civil and criminal appeals. (6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Appeal, § 140, p. 387; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra,* ¶ 15:23, p. 15-14 [incorporating sections discussing the limitations on the scope of appellate review (such as the one noted in the foregoing quotation) into the chapter on writs]; and see *id.* at ¶ 15:24, p. 15-15 [statutes and rules on appeal are generally applicable to writ review unless inconsistent with specific writ statutes or rules].)

*Section 1382 and Its Application to the Facts of This Case.*

The statutory time in which both felony and misdemeanor matters must be brought to trial is set forth in section 1382. As relevant here, in cases in which the defendant is charged with a misdemeanor and is also out of custody at the time of his arraignment or plea (whichever occurs later), the statute provides for dismissal if the defendant is not brought to trial within 45 days after his arraignment or plea, whichever occurs later, unless good cause is shown for the delay. (§ 1382, subd. (a)(3).) An exception applies when a defendant requests or consents to the setting of a trial date beyond that 45-day period. As the appellate division noted, "[w]henever a case is set for trial beyond the . . . 45-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a)(3)(B).)

Here, Bailon (while out of custody) was both arraigned and entered his plea to the misdemeanor charge against him on November 7, 2001. He later requested a trial date of December 14. The parties are in agreement that (prior to the continuance to December 26) the last date on which Bailon could be tried was December 24, in the absence of good cause or further consent.[4] (§ 1382, subd. (a)(3); and see *Owens v. Superior Court, supra,* 28 Cal.3d at p. 246, fn. 6.) Although the proceedings in the trial court were still within the 45-day statutory period, the court and the parties nevertheless referred to December 24 as 10 of 10 rather than 45 of 45. ▮ Regardless of the characterization, the point is that December 24 was the last day Bailon could be tried, and the question presented is this: When the matter was continued to December 26 as "10 of 10" and the "last day" for trial, did the People waive the 10-day grace period afforded them under section 1382?

In the People's view (as the appellate division concluded), under section 1382 and *Griffin, supra,* 235 Cal.App.3d 1740, "[n]either the court, nor the defendant, *nor the prosecution* may stipulate away *the People's* 10-day grace period." (Italics added.) We disagree.

*The Griffin and Medina Cases.*

In *Griffin* (the case cited by the appellate division and now the People), the defense attorney announced that he and the prosecutor had agreed to

---

[4]The 45th day after Bailon's November 7 arraignment and plea was actually December 22, but because that day was a Saturday, the following Monday (Dec. 24) was the last day for trial under section 1382. (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 244, fn. 3; Code Civ. Proc., § 12.)

continue their matter for trial assignment to November 2 with the trial date actually set for November 5, a date outside the statutory 60-day limit applicable in felony cases (which, for our purposes, parallels the 45-day limit applicable in this case) under section 1382. The trial court then inquired about "some days beyond." (*Griffin, supra,* 235 Cal.App.3d at p. 1743.) " '*Usually if it is a court continuance to a date that far off, we don't know what our trial situation is.*' " (*Ibid.*) Noting that there had been " 'some waivers to a date plus 15 days,' " the court asked the defendant if he would " 'waive 15 [days] beyond that date.' " (*Ibid.*) The defendant agreed.

On November 21, the defendant in *Griffin* moved for dismissal since the 15-day trailing period he had agreed to had passed and he had not been brought to trial. The People argued that, under section 1382, they " 'ha[d an additional] 10 days beyond [November 20] . . . the last date agreed upon by the defendant for trial. . . .' " (*Griffin, supra,* 235 Cal.App.3d at p. 1744.) Both sides agreed that the trial date was set for November 5. (*Ibid.*) The prosecutor conceded that if Griffin had not agreed to the additional 15 days beyond November 5, he would have to have been brought to trial within 10 days of November 5 (Nov. 15). (*Id.* at p. 1744, fn. 5.) Without contradiction from the prosecutor, defense counsel stated, " '[I]t has been my experience in this courthouse, in this jurisdiction, that additional time waivers beyond the ten days [provided by section 1382] incorporate and include the ten days.' " (*Id.* at p. 1744.) The trial court granted the motion to dismiss the case, observing that, consistent with long-standing practice in the jurisdiction, *the parties* "inten[ded] and underst[ood]" that the defendant and his counsel were agreeing to an additional 5 days beyond the 10 to which the People were afforded by section 1382, not to an *additional* 10 days on top of the 15 and that if the People maintained otherwise, the defendant, his counsel and the court were all "misle[]d" at the time the defendant's waiver was taken, creating " 'an apparent estoppel situation.' " (*Griffin, supra,* 235 Cal.App.3d at pp. 1744-1745.)

However, as the Fourth District saw it, "the crucial question [was] the meaning of the term 'the date so set for trial' " because "section 1382 uses the term '[the] date so set for trial' as the trigger to the 10-day grace period." (*Griffin, supra,* 235 Cal.App.3d at p. 1745.) "The problem arises in the interchangeable use over the years by the cases construing section 1382 of the term 'the last day to which defendant may have consented [for trial],' or " 'the latest trial date to which he consented' with the pivotal phrase, '[t]he date . . . set for trial.' " (*Ibid.*) The court speculated that "this seemingly haphazard interchange occurred because *the problem we confront here,* where there is clearly a difference between the date set for trial (Nov. 5) and

the last day to which the *defendant* consented for trial (Nov. 20) was never anticipated." (*Ibid.*, italics added.)

Because of our Supreme Court's comments in the case of *Owens v. Superior Court, supra*, 28 Cal.3d 238 (which we will discuss) and its "continual use of the two terms synonymously" ("albeit in factual contexts different from the one before us"), the *Griffin* court felt "compelled to fall in line and interpret the two phrases to mean the same thing." *In this context,* the court then went on to state: "The 10-day grace period is automatic, and the *defendant* may not rescind it. From a logical standpoint, then, we agree with the People's point . . . that *Griffin* could not and therefore did not waive the 10-day period when *he* consented to trial within the November 5 to November 20 period. [¶] . . . [T]here is no authority supporting the derogation of the 10-day grace period in the face of contrary belief by *defendant* as to when he will be tried." (*Griffin, supra*, 235 Cal.App.3d at pp. 1747-1748, italics added.) Notwithstanding the facts of that case and the trial court's comments, there was no discussion or analysis whatsoever of whether the *prosecutor* could (and did) agree to waive or modify the statutory 10-day period. (See *People v. Mazurette* (2001) 24 Cal.4th 789, 797 [102 Cal.Rptr.2d 555, 14 P.3d 227] [" ' "cases are not authority for propositions not considered" ' "].)

Nine years later, in *Medina v. Superior Court* (2000) 79 Cal.App.4th 1280 [94 Cal.Rptr.2d 770] (*Medina*), Division Five of this district endeavored "to clear up any confusion that may exist about the ruling in *Griffin* on the part of prosecutors, judges, and defense attorneys." (*Id.* at p. 1288.) In *Medina*, after previously agreeing to a number of continuances beyond the 60-day period applicable to felony defendants under section 1382, the defendant requested a further continuance to January 11, 2000. The trial court explained that the defendant had a right to have his case tried within 10 days of January 11, but because his attorney was requesting the continuance to January 31, he would have the right to be tried "within ten days of that day." The defendant consented. (*Medina, supra*, 79 Cal.App.4th at p. 1283.)

When the defendant answered ready for trial on January 11, the People asked "to trail this to the last day," indicating that they needed "the ten days." The trial court continued the trial "until the last day—the last day, February 10th," noting again, "That is our last day." On February 10, citing the *Griffin* case as authority, the People asked the court to trail the matter to the following Monday (Feb. 14), arguing that when the defendant agreed to continue trial to January 31 with the explanation that he would have the right to be tried within 10 days of that day, he was actually consenting to a continuance of his trial date to February 10 so the 10-day period set forth in

section 1382 did not begin running until February 10, making the true last day for trial February 20. (*Medina, supra,* 79 Cal.App.4th at pp. 1283-1284.)

The trial court read *Griffin* and interpreted it as the People suggested despite the belief that the result was "not logical, made no sense, and 'boggles the mind.' " (*Medina, supra,* 79 Cal.App.4th at p. 1284.) Emphasizing that "[t]he holding in *Griffin* is *limited* to a situation where a defendant *unilaterally* agrees to a nonstatutory trailing period," Division Five rejected the People's construction of *Griffin* as "illogical, contrary to the clear meaning of . . . section 1382, subdivision (a)(2)(B), and contrary to public policy."[5] (*Id.* at pp. 1288-1289, italics added.)

The *Medina* court commented: *"Griffin* did not address the validity of a *stipulated* continuance where the People also waive their right to the 10-day grace period and agree that the last day for trial can be 15, 20 or 30 days (or whatever date the People and defendant agree on) after the new date to which the trial is continued. *There does not appear to be any reason why the People and defendant cannot both waive their interests protected by the 10-day grace period and stipulate to a last day that is truly a last day for trial.* In the instant case, however, the People did not expressly waive their right to a 10-day grace period, so we do not have to reach this issue." (*Medina, supra,* 79 Cal.App.4th at p. 1287, fn. 4, italics added.)

Unlike the facts in *Medina* (and the discussion in *Griffin),* this case squarely presents the question whether the People may "waive their interests protected by the 10-day grace period and stipulate to a last day that is truly a last day for trial." (*Medina, supra,* 79 Cal.App.4th at p. 1287, fn. 4.) We hold that they may.

*The Purpose of Section 1382 and the Amendment to Include the 10-day Grace Period.*

The People maintain that even if the prosecutor in this case agreed to set December 26 as the last day for trial, "that agreement is void" because,

---

[5]Indeed, the facts in *Medina* illustrate the unsoundness of the People's position that, under section 1382, they *always* have another 10 days from the "last day to which the defendant has agreed." Applied to the facts in *Medina,* this construction would have meant that "every time a court advised a defendant of his speedy trial rights and the effect of a time waiver, including the automatic 10-day trailing period, the defendant would find that he was actually facing not only the 10-day trailing period he agreed to but another 10-day time period automatically tacked on as well. [I]f the trial court in fairness advised a defendant of this 'additional' 10-day period when it took the time waiver, there would be yet another 10-day period added on since the defendant would be deemed to have 'agreed' to trial within the trailing periods, thereby extending the agreed upon trial date." (*Medina, supra,* 79 Cal.App.4th at p. 1289.)

under *Griffin*, the People *always* have another 10 days from the "last day to which the defendant has agreed," [and the] statute does not state *'within ten days thereafter' unless waived by the parties.*"[6] This unsubstantiated argument is unpersuasive.

First, as we have already discussed, the *Griffin* court did not consider whether the People could and did agree to modify the statutory grace period on the facts presented in that case. Further, as Bailon argues, very few statutes expressly provide for waiver of their protections, yet even constitutional rights may be waived. (And see *People v. Haendiges* (1983) 142 Cal.App.3d Supp. 9, 14 [191 Cal.Rptr. 785] [holding that parties may agree that a case can be continued without good cause notwithstanding the express statements in § 1050 that good cause is required and that the stipulation of the parties is *not* good cause for a continuance].)

Instead, the "major consideration" in interpreting section 1382 must be the legislative purpose. (1 Witkin & Epstein, Cal. Criminal Law, *supra,* Introduction to Crimes, § 18, pp. 41-42; *People v. Collins* (1975) 44 Cal.App.3d 617, 622 [118 Cal.Rptr. 864], italics added, superseded by statute on another ground as stated in *People v. Cole* (1982) 31 Cal.3d 568, 577-578 [183 Cal.Rptr. 350, 645 P.2d 1182] ["Every provision of the Penal Code is to be construed *to effect its object.* . . . Thus the Legislature does not intend a statute which may be easily frustrated or evaded."].) A defendant's right to a speedy trial is a "fundamental right" secured by both the United States and California Constitutions. In addition, our Legislature has specified that a speedy trial is a *fundamental right "preserved to a defendant in a criminal action."* (*Sykes v. Superior Court, supra,* 9 Cal.3d at p. 88, italics added; § 686, subd. 1.)

Further, section 1050 states: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time," and *"it shall be the duty of all courts and judicial officers and of all counsel, both for the prosecution and for the defense, to expedite these proceedings to the greatest degree that is consistent with the ends of justice."* (Italics added; and see *Sykes v. Superior Court, supra,* 9 Cal.3d at p. 88.) The very purpose of section 1382 is to "implement[] the [*defendant's*] foregoing constitutional and statutory guarantees," and dismissal is mandated in those situations covered by the statute if, at the time a defendant moves to dismiss, the

---

[6]Without citation to any authority, the People also say that the "only way the ten days can be waived is for the People to announce ready for trial during the 10-day period. The People did not announce ready on December 26, 2001." The record is to the contrary, and we reject this unexplained and unsupported point.

statutory period has elapsed and the prosecution fails to show good cause for the delay; the defendant is not required to make any further showing. (*Sykes v. Superior Court, supra,* 9 Cal.3d at pp. 88-89.)

In *Owens v. Superior Court, supra,* 28 Cal.3d 238 (the case on which the *Griffin* court substantially relied), our Supreme Court considered the legislative history of section 1382, including the amendment to include the 10-day grace period, and had this to say: "Prior to 1959, the statutory right to dismissal for noncompliance with the 60-day requirement [applicable to felony matters] was extended only to 'a defendant, whose trial has not been postponed upon his application . . . .' There was no provision for a 10-day 'grace period,' and the statute was unclear as to whether an accused who obtained a postponement of his trial to a date past the [statutory] limit thereby *lost forever* his statutory rights to a speedy trial and dismissal. Moreover, section 1382 did not indicate whether these statutory rights were affected by an accused's request for a postponement to a date *within* the [statutory] period." (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 244, fn. omitted, initial italics added; Historical and Statutory Notes, 51A West's Ann. Pen. Code (2000 ed.) foll. § 1382, p. 123, 3d through 6th pars.)

"Pursuant to its constitutional mandate, the Judicial Council urged the Legislature to clarify *these* ambiguities in section 1382. It 'recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) except where the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed if it is not brought to trial within 10 days after the last date to which the defendant consented. This will clarify the present rule by (a) *establishing that dismissal* under [s]ection 1382 *may be had even though the defendant has previously consented to a delay beyond the statutory period,* (b) fixing 10 days as a *reasonable time* for trial after expiration of the period consented to *by the defendant,* and (c) eliminating the possibility that delays attributable to a defendant which are wholly within the statutory period may prevent dismissal.' "[7] (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 245, italics added, fn. omitted, citing Judicial Council of Cal., 17th Biennial Rep. (1959) at p. 32.)

Because the fundamental purpose of section 1382 is to safeguard *the defendant's* speedy trial rights and the Legislature added the 10-day grace

---

[7]Since the eventual amendment adopted verbatim the language proposed by the Judicial Council, the Judicial Council's explanation of its recommendation is entitled to great weight. (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 246; *Griffin, supra,* 235 Cal.App.3d at pp. 1746-1747.)

period merely to provide the People a "reasonable time" in which to proceed to trial after a continuance while still *preserving the defendant's right to dismissal* even though he has requested or consented to *some* delay, we see no reason why the People may not waive the benefit of the statutory period otherwise available to them and agree to a last day that is truly a last day for trial. The 10-day period protects the defendant by setting an outside time limit within which he must be brought to trial, and it "protects the People by giving them 10 days *if necessary*." (*Medina, supra,* 79 Cal.App.4th at p. 1286, italics added; *Owens v. Superior Court, supra,* 28 Cal.3d at p. 245; *Griffin, supra,* 235 Cal.App.3d at pp. 1746-1747.) There is nothing in the statute, the legislative history or case law to suggest that there is anything talismanic or immutable about the 10-day time period.

In the typical case in which the defendant agrees to a continuance of trial beyond the time frame that is his statutory right under section 1382, the continuance is usually for more than one court day and, as the trial court in *Griffin* observed, " 'if it is a court continuance to a date that far off, we don't know what our trial situation is.' " (*Griffin, supra,* 235 Cal.App.3d at p. 1743, italics omitted.) If the prosecutor does not agree otherwise, the People are automatically entitled to a 10-day grace period beyond the continued trial date under section 1382.

However, because the prosecutor may assess his or her readiness to proceed on the continued date and find that a shorter time is a "reasonable time" under the circumstances (where, for example, the prosecutor also wants a brief continuance and is already up against the last day for trial, and the defendant is only willing to continue the matter if the next court day is the last day on which he may be tried, as in this case), we see nothing to prevent the prosecutor from agreeing to a date less than 10 days after the continued trial date.[8] When a shorter time period is in the prosecutor's interest (or is not objectionable), it makes no sense for the prosecutor's hands to be tied under these circumstances. (And see *People v. Haendiges, supra,* 142 Cal.App.3d at p. Supp. 14 ["we see no reason to disapprove the practice . . . provided that the policy articulated by the Legislature . . . is not flouted"].) If the defendant may waive the benefits of the statute, we can see no reason why the People should not be able to do the same.

---

[8]The People's reliance on *People v. Superior Court (Alexander)* (1995) 31 Cal.App.4th 1119 [37 Cal.Rptr.2d 729] is misplaced as that case did not address the issue involved here. That case addressed a *trial court's unilateral* "stacking" policy by which the court found good cause to trail multiple cases to a particular date as the last day under circumstances where neither the defendant nor defense counsel were even present (so the defendant could not be deemed to have consented to the continuance) and *over the prosecutor's objection. (Id.* at pp. 1124, 1133-1134.)

Indeed, recognizing the People's ability to stipulate to a shorter time in an appropriate case gives truer effect to the legislative intent underlying section 1382 than a construction imposing the full 10-day period on the prosecutor arbitrarily (and perhaps to the prosecution's disadvantage). (*Sykes v. Superior Court, supra,* 9 Cal.3d at p. 88, italics added [§ 1382 implements the defendant's constitutionally and statutorily guaranteed rights to a speedy trial, and the prosecutor has a duty " '*to expedite such proceedings to the greatest degree that is consistent with the ends of justice'* "].) "This court should respect the legislative intent behind section 1382," and the defendant's "fundamental right should not be weakened nor gamesmanship encouraged." (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 249 [rejecting the People's argument that § 1382's requirement that a person charged with a felony must be brought to trial within 60 days should be interpreted so as to give the People *additional* time by staying the operation of the statute during any continuances requested by the defendant].) Accordingly, we hold that the People may agree to waive the benefit of the 10-day grace period provided by section 1382 and thus may agree to a last day that is truly a last day for trial.[9]

*The "Stipulation."*

■ Having determined that the prosecution *may* agree to a true last day for trial and waive the 10-day grace period of section 1382, we now consider whether, in this case, the prosecution *did* agree to December 26 as the true last day for trial, waiving the statutory grace period.

The record of the proceedings on December 21 reveals the following: Both sides understood that Monday, December 24—a single day before the Christmas holiday—was the last day on which Bailon could be tried. Before the matter was heard that day, the *prosecutor* said, *he* had spoken with Bailon's counsel in an effort to avoid beginning trial on that date. Noting that only one judge would even be present on that date, the court pressed Bailon whether there was any way that matter could "start" on Wednesday, December 26. Bailon (through his counsel) explicitly stated that he would agree to that date as the *"last day"* the prosecution could "start trial." The court obtained Bailon's waiver of his *fundamental right* to have his trial start

---

[9]To the extent the *Griffin* case can be read to hold simply that the 10-day period that arises by operation of law under section 1382 "cannot be unilaterally waived by a defendant" (see *Medina, supra,* 79 Cal.App.4th at pp. 1286-1287), we have no quarrel with it. However, to the extent it can be read (and *was* read by the appellate division in this case) to say that the People may not validly stipulate to a date-specific continuance as the "last day" (here, one day) and thereby waive their right to the 10-day period of section 1382, we must respectfully disagree for the reasons stated in the text.

no later than December 24 *qualified by this express limitation.* The court specifically stated that the matter was "set for trial *as 10 of 10* on Wednesday, December 26." *The prosecutor said nothing.*

The People suggest that the trial court alone wanted the continuance in order to take off Christmas Eve and assert that "[f]ew prosecutors would have the temerity to interfere with the trial court's discussion with the defendant on that point at that time of year." Not only does the record reveal that *the prosecutor* sought to avoid proceeding on Christmas Eve, but we reject the contention that the prosecutor's silence (whatever his reasons) under these circumstances necessarily constitutes anything less than acquiescence and implied consent to make December 26 the "last day" to try Bailon, without benefit of the statutory grace period.

Notably, "if the defendant intends to stand upon his right to a trial within the [statutory] period he must take some action to inform the court that he does not waive his right. Failure to object is the equivalent of consent." (*People v. O'Leary* (1955) 130 Cal.App.2d 430, 436 [278 P.2d 933]; 5 Witkin & Epstein, *supra*, Cal. Criminal Law, Criminal Trial, § 320, pp. 475-476.) If the defendant—for whose benefit the statute exists—may waive his statutory right to dismissal by the mere failure to object, certainly in a situation such as this in which the defendant and trial court both unequivocally specify and the prosecutor is clearly aware that a proposed continuance is to a particular date *designated as the true "last day" for trial* (in contravention of the statutory default period), so too must a prosecutor take action to inform the court he does not waive the statutory grace period if he intends to stand on that right. Otherwise, the failure to object amounts to consent. (And see *People v. Stanfill* (1999) 76 Cal.App.4th 1137, 1148 [90 Cal.Rptr.2d 885] [failure to raise the statute of limitations defense as to lesser included offenses at trial must be held to result in forfeiture of the issue on appeal; otherwise, a defendant "may remain quiet about a limitations problem, avoid the ritual of a formal waiver and then, as an ace up his sleeve, secure reversal on the theory he never expressly waived. This is an unconscionable result that calls for a forfeiture rule"].)

In this case, it is abundantly clear from the record that on December 21, when this matter was put over to December 26, *both* parties agreed to that date (Dec. 26) as the *"last* day" on which Bailon could be tried. With trial set for the following Monday, December 24 (as day 10 of 10 or 45 of 45), the People were already in the position of having to start trial on the true last day for trial (also Christmas Eve) and had already sought Bailon's consent to continue the matter but he had *not* agreed. *Bailon* had been "ready from the beginning." In response to the court's further request to put the matter over

just one court day to avoid starting on Christmas Eve, Bailon made it clear that he would agree to continue the matter to make December 26 the "last day." Bailon *and the People*."agree[d] to make [*December 26] the last day* by stipulation *instead of December 24th*." We have no declaration from the trial prosecutor contradicting such an agreement.

Subsequent proceedings only serve to emphasize this point. On December 26, when both sides knew that there were no jurors to try the case, the court again recounted for the record what had occurred on December 21, specifying repeatedly that December 26 was "10 of 10" and the "last day" Bailon could be tried. The People (through a different prosecutor) again said nothing about the procedural posture of the case, arguing only that the juror problem constituted good cause for the continuance. On December 27, at the time Bailon argued his motion to dismiss, the prosecutor specifically represented on the People's behalf that Bailon had only "waiv[ed] *a day*," and that the People had *agreed* to December 26 not only as the continued date, but as the "last day" on which Bailon could be tried. Even in the face of defense counsel's plain statement that he was making a record on the point for the purpose of appellate review if necessary, there was never any expression of uncertainty, equivocation or request for time to communicate with the prosecutor who had appeared on December 21 (when the trial was put over to December 26) to inquire further. The prosecutor again argued only that the clerical miscommunication constituted good cause.

Because we conclude that the People could and did agree that December 26 was the last day for trial, we need not address Bailon's further contention that, if the stipulation was unenforceable, his consent to delay trial on the basis of such an agreement was itself invalid. Suffice it to say that it is clear the trial court obtained Bailon's waiver of his speedy trial rights subject to the qualification that December 26 would be the *last day* on which he could be tried, and, as they concede, the People stood "mute" (and later "affirmatively agreed" that the People had joined in this stipulation at the time it was made, yet dispute the point for the first time in this court). "This type of manipulation of procedural rules for adversarial advantage should be avoided in our legal system. And a rule which would encourage this sort of dissembling and brinksmanship should not be promulgated by this court." (*Owens v. Superior Court, supra,* 28 Cal.3d at p. 247.)

## DISPOSITION

The petition is granted. Let a peremptory writ issue directing the appellate division of the superior court to vacate its order of January 25, 2002, and to

issue a new and different order directing the trial court to grant Bailon's motion to dismiss.

Lillie, P. J., and Perluss, J., concurred.

A petition for a rehearing was denied June 27, 2002, and the opinion was modified to read as printed above.